MARY HILMERT and husband vs. CHRISTIAN.

COVENANT: *Deed, effect of alteration in.*

1. The delivery of a fully executed deed to the grantee named therein, has the effect to vest the title absolutely in him, and no act other than a deed executed by him will operate to transfer such title to another. The subsequent erasure of his name, and insertion of the name of another as grantee, will not have that effect, although done by consent of both grantor and grantee.
2. The person so substituted as grantee, cannot maintain an action upon the covenants of such deed.
3. Covenants in a deed whereby the grantor in terms covenants only " for his heirs, executors and administrators," omitting the words, " for himself," are yet binding upon him.

APPEAL from the Circuit Court for *Sheboygan* County.

Action by husband and wife for a breach of the covenant of seizin in defendant's deed to the wife.

The complaint alleges the execution and delivery to the plaintiff, *Mary Hilmert*, of a deed of land, containing the usual covenants of seizin and warranty, and that at the time of its execution and delivery, the defendant was not seized of one third part of the premises, and demands judgment for the damages. Answer, a general denial. On the trial the plaintiffs introduced the record of the deed, and proved the breach of the covenant of seizin, and the amount of the damages.

On the part of the defendant, *William Hilmert*, sworn as a witness, testified that the name of *Mary Hilmert*, his wife, was first written in the deed as grantee, but his own name was afterwards written above it, and the deed delivered to him, he supposed as his deed. On cross-examination he testified that he was agent for his wife at the time.

The justice who took the acknowledgement and subscribed the deed as a witness, and the other subscribing witness, testified that the deed, when executed, ran to *William Hilmert* as grantee, and they did not remember any erasure in the name of the grantee.

The plaintiff then introduced the original deed, which was admitted against the objections of the defendant.

The deed showed the name "Mary" apparently first inserted before the name "Hilmert" as grantee, and the name "William" appears written over it, both of which being stricken out, the name "Mary" is interlined, with a reference thereto at the bottom of the deed as follows : "It should be Mary by consent of the parties before signing," all being in the handwriting of the defendant.

The defendant then proved by the register of deeds that the name "Mary" and the reference at the bottom were inserted at his office by the grantor, in presence of *William Hilmert.*

The court charged the jury that "If the jury find that the deed was executed and acknowledged in the name of *Mary Hil-*

*mert* and delivered to her husband for her, the plaintiffs are entitled to recover;" that " A deed signed, sealed and delivered to the grantee or his or her agent, is a good deed to pass the title, and a recovery can be had upon its covenants, even though not witnessed or acknowledged."

That, "if the jury find that on the 12th day of August, 1868, the defendant executed and delivered a conveyance of the premises described in the complaint, to *William Hilmert*, and not to *Mary Hilmert*, then this action cannot be maintained; and it will make no difference in this action if the name of *William Hilmert* was struck out and the name of *Mary Hilmert* inserted in its place as grantee in the deed, for the delivery of the deed to *William Hilmert* vested the title in him absolutely, and no act less than a deed executed by *Hilmert* could operate to divest him of the title. The covenants of seizin in the deed run with the land."

That "the alteration of the deed after the delivery, by erasing the name of the grantee, and inserting the name of another as grantee in its place, although done by the grantor himself, cannot operate to vest the title in the land described in the deed in that other whose name is so inserted; and it will not alter the case, even though the first grantee requests and consents to the substitution of the name of another party for his own."

That "the plaintiffs must fail to recover if the jury believe the deed when delivered, had both *William* and *Mary* as grantees."

The jury found a verdict for the plaintiff for the value of the land of which the defendant was not seized at the time of the conveyance; and judgment was entered accordingly, from which defendant appeals.

*Bentley & Seaman*, for appellants, claim that the evidence showed that the deed was executed to *William Hilmert* as sole grantee, and delivered to him as his deed, and that the remedy upon the covenants was defeated by the material alterations afterward made, citing 2 Parsons, Con., 723–4 and note; 3 Washburn Real Property, 223, and cases cited; Smith's Lead-

Mary Hilmert and husband vs. Christian.

ing Cases (5 Am. ed.), 960 ; that the deed was thereby rendered. void for all purposes of evidence, citing 4 Kent Com. 526, and note ; 3 Washburn Real Prop., 220, etc. ; 1 Greenleaf Ev., § 564, etc.; *Morris v. Vanderen,* 1 Dall., 67 ; *Lewis v. Payne,* 8 Cow., 71 ; *Withers v. Atkinson,* 1 Watts., 237 ; *Parker v. Kane,* 4 Wis., 1. *In re Wilson,* 8 Wis., 171; that the covenant was not binding on the grantor, being only for " his heirs, executors and administrators," and no covenant could be implied, citing R. S., chap. 86, sec. 5 : that *William Hilmert* was joined with *Mary* as plaintiff only as husband, the claim for recovery being made by her ; and that the verdict was contrary to instructions, and not supported by evidence, citing *Hayward v. Ormsbee,* 7 Wis., 111; *Van Valkenburg v. Hoskins,* id., 496 ; *Whalon v. Blackburn,* 14 Wis., 432 ; *Ford v. Ford,* 3 id., 399 ; 1 Gra., & Wat. on New Trials, 326.

*Conrad Krez,* for respondent, as to burden of proof, cited *Mecklem v. Blake,* 16 Wis., 102 ; *Beckman v. Henn.,* 17 id., 412 ; as to the effect of alterations in a deed, 3 Phillips on Ev., 461 and notes; *Jackson v. Malin,* 15 Johns., 293 ; and as to the delivery of the deed, *Souverbye v. Arden,* 1 Johns., Ch. 240.

COLE, J. It is very apparent that the jury must have found under the directions of the court that the deed was executed, acknowledged and delivered in the name of Mary Hilmert. The court very clearly and pointedly instructed the jury that the action must fail, if they found from the evidence either that the deed when delivered had both William and Mary Hilmert named as grantees therein ; or if it was executed and delivered as a deed to William, and his name was afterwards struck out and the name of Mary inserted in its place as grantee ; because the delivery of the deed to William would have the effect to vest the title absolutely in him, and that no act other than a deed executed by him would operate to vest the title in Mary. This is the substance of the instructions given at the request of both plaintiffs and defendant. So that the jury must have been satisfied from

the evidence that the deed was executed and delivered in the name of Mary, and this conclusion, we think, is amply sustained by the proof in the case. An inspection of the original deed, which has been sent up with the bill of exceptions, most conclusively shows that the name originally inserted as grantee was Mary Hilmert, and that the word "Mary" was stricken out and the name "William" was written over it in the same handwriting, and that then "William" was struck out and "Mary" interlined, and that a reference was made to this interlineation at the bottom of the deed in the following words, viz: "It should be Mary by consent of the parties before signing."

The evidence relied upon to show that the deed was executed and delivered as, and for a deed, to Wm. Hilmert, is the testimony of the witnesses Little and Chaplin. The former was one of the witnesses to the deed, and the justice who took the acknowledgment. He was quite confident that William Hilmert was the grantee, and that Mary's name was not in the deed when he took the acknowledgment. The other witness to the deed was Chaplin, who testified with equal confidence that the name of the grantee was William Hilmert. But what destroys, in a great degree, the effect of this testimony, is the fact that the deed, upon its face, shows, beyond all question, that the name of the grantee, as first written, was Mary Hilmert, and both these witnesses are quite positive that there was no erasure or interlineation in the deed when they signed it as witnesses. They are most indubitably mistaken, either as to the name of the grantee, or about the fact of an erasure at this time, and it is more probable that they were mistaken on the first point than on the latter. For such an erasure and interlineation as these are in this deed catch the eye at the first glance, while the name of the grantee is less likely to attract notice. The witnesses would have observed that the name "Mary" was erased, and the name "William" was inserted above it, between the lines, had this been done before the execution of the deed.

It is the first thing about the deed that arrests and fixes the attention of one examining the instrument. And we should therefore infer from the testimony of these witnesses, that there was no erasure and interlineation in the deed when they saw it, and that Mary Hilmert was the name of the grantee when the deed was executed and acknowleged. There is another circumstance that the feminine personal pronoun is used in the instrument where the grantee is referred to. So that, if it were our duty to pass upon the effect of testimony and determine what facts were established by it, we should say that the strong probability was that the name of the grantee, when the deed was executed and delivered, was Mary Hilmert. This was the result reached by the jury, and this conclusion is fully sustained by the evidence. There is no pretence that there was any alteration made in the deed by Mary Hilmert or with her consent after the delivery thereof. We really do not see any force in the objection that the grantor did not covenant for himself but only " for his heirs, executors and administrators." It is plain enough upon the face of the instrument that the defendant bound himself by the covenants.

These remarks dispose of the material points in the case.

*By the Court.*—The judgment of the circuit court is affirmed.