FRANCIS TATRO v. DANIEL E. FRENCH, *et al.*

1. PREËMPTION RIGHT, *Not by Minor.* A person under twenty-one years of age cannot obtain a preëmption right under the laws of the United States.

2. PREËMPTION RIGHT *Obtained, When.* The filing of a declaratory statement for a preëmption right by a person under twenty-one years of age will not prevent such person from obtaining a preëmption right upon the same land or other land after he has become twenty-one years of age.

3. FINDINGS OF FACT, *When Final.* Findings of fact made by the land officers in a contested preëmption case will be considered as final and conclusive when relief is sought in the courts.

4. FINDINGS OF LAW, *When Not Final.* But when the land officers misconceive or misconstrue the law arising upon the facts as found by themselves, in such a case their decisions with respect to the law will not be considered as final or conclusive, and the courts may afterward grant the proper relief.

*Error from Cloud District Court.*

THE opinion states the nature of the action, and the facts. Trial at the August Term, 1883, and judgment for defendants. The plaintiff *Tatro* brings the case to this court.

4—33 KAS.

*L. J. Crans,* for plaintiff in error.

*Theo. Laing,* and *F. W. Sturges,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in equity, brought by Francis Tatro against Daniel E. French and others, asking for a judgment declaring that the defendant, French, held the legal title to a certain piece of land in trust for the plaintiff, Tatro, and that such title should be conveyed to the plaintiff. · The case was tried before the court without a jury, and after the plaintiff had introduced all his evidence and rested, the defendants demurred to the evidence, upon the ground that it did not prove any cause of action in favor of the plaintiff and against the defendants. The court sustained the demurrer; whereupon the plaintiff moved for a new trial, which motion was overruled, and then the court rendered judgment in favor of the defendants and against the plaintiff for costs. The plaintiff, as plaintiff in error, now brings the case to this court, and alleges that the court below committed "error in sustaining the demurrer to the evidence and error in receiving evidence." The only substantial question, however, in the case is, whether the court below committed error in sustaining the demurrer to the evidence. Both Tatro and French claim the land, by virtue of a settlement upon the same under the preëmption laws of the United States. Each contested the other's right to preëmpt before the United States local land officers at Concordia, Kansas, before the commissioner of the general land office at Washington, D. C., and before the secretary of the interior, until finally the patent for the land was issued by the government to French; when Tatro commenced this action against French and others to procure the title as aforesaid.

The principal facts of the case appear to be substantially as follows: On December 16, 1874, the land in controversy was government land, subject to entry under the preëmption and homestead laws of the United States; and, for reasons

not necessary now to state, it was not subject to entry under such laws for some time immediately prior to that date. On that day, both Tatro and French made their settlement upon the land in controversy under the aforesaid preëmption laws. As to which made his settlement first, we think it is wholly immaterial under the other facts of the case. Probably both made their settlements at about the same time; but if either had priority, it was probably French. Tatro filed his declaratory statement for preëmption on December 17, 1874, and French filed his on December 18, 1874. All this was done in accordance with the laws of the United States, and with the rules and regulations of the land department. Prior to December 16, 1874, both Tatro and French had filed declaratory statements for preëmption rights upon other and separate tracts of land; but neither was 21 years of age at the time of such first filing, and Tatro was not 21 years of age when he made his second filing; French, however, was 21 years of age at that time. On June 8, 1875, Tatro made a homestead entry upon the land in controversy. On March 6, 1876, a full hearing upon the contest between the parties for the land in controversy was had before the register and receiver of the land office at Concordia, and such land officers found all the foregoing facts, and found explicitly that neither of the parties was 21 years of age when he made his first declaratory statement, and that Tatro was not yet 21 years of age when he made his second declaratory statement on December 16, 1874, but that French was 21 years of age at that time; and therefore the land officers at Concordia found in favor of French's right to preëmpt the land in controversy, and found against Tatro's right either to preëmpt the land or to preëmpt any part thereof, or to obtain the same under the United States homestead laws. Tatro appealed to the commissioner of the general land office at Washington, who found the facts and the law to be the same as they had previously been found by the land officers at Concordia. Tatro then appealed to the secretary of the interior, who found the facts to be the same as they had previously been found by the land officers at Concordia

and the commissioner of the general land office, but found the law to be different. He found that as French had, prior to December 16, 1874, filed a declaratory statement for preëmption upon another piece of land, that his subsequent filing upon the land in controversy was illegal, although he was not 21 years of age at the time when he made his first filing, and was 21 years of age when he made his second filing; and therefore the secretary of the interior decided in favor of Tatro's homestead entry of June 8, 1875, Tatro having arrived at the age of 21 years at that time. This decision was made on December 18, 1876, by Hon. Zachariah Chandler, who was then the secretary of the interior. Immediately thereafter, French made an application for a rehearing and reconsideration of his case; but before any rehearing or reconsideration could be had, Hon. Zachariah Chandler's term of office expired, and Hon. Carl Schurz became his successor. On September 21, 1877, Hon. Carl Schurz reconsidered the case upon the same evidence and the same facts, and decided the case in favor of French and against Tatro, thereby reversing the previous decision of his predecessor, and affirming the decisions of the commissioner of the general land office and of the land officers at Concordia. Undoubtedly the decision of the Hon. Carl Schurz was right, and that of the Hon. Zachariah Chandler was erroneous; for there is no statute providing, either in terms or by implication, that the filing of a declaratory statement for a preëmption right by a person who may at the time be a minor, shall prevent such person, after he has arrived at the full age of 21 years, from obtaining a preëmption right to either the same or another piece of land. After this final decision, on September 21, 1877, by the secretary of the interior, French perfected his preëmption right, purchased the land in controversy by reason thereof, and obtained a patent for the land as aforesaid. We think French is entitled to the land. It can make no difference that the final decision of the secretary of the interior overruled the former decision of his predecessor, for the final decision was merely upon a question of law, and was right, while the prior

decision was also upon a question of law, and was erroneous. Even if the final decision had not been made and the land had been patented to Tatro, still the courts, upon the facts as found by the land officers, would award the property to French upon such terms as might be equitable.    And we might here say that the findings of facts as made by the land officers in a contested preëmption case, are considered final and conclusive when relief is sought in the courts. (*Johnson v. Towsley,* 80 U. S. 73; *Shepley v. Cowan,* 91 id. 331; *Moore v. Robbins,* 96 id. 530; *Marquez v. Frisbie,* 101 id. 473, 476.)    But whenever the land officers misconceive or misconstrue the law arising upon the facts as found by themselves, in such a case their decisions are not final or conclusive, and the courts may afterward grant the proper relief.    (See the last two cases cited.)

The judgment of the court below will be affirmed.

All the Justices concurring.