## MICHAEL DARCY v. WILLIAM F. McCARTHY.

1. OFFICIAL LETTER — *Evidence.* The copy of an official letter received by the register or receiver of any land office of the United States from any department of the government of the United States, that has been duly certified by the register or receiver having the custody of such letter, is admissible in evidence the same as the original; and where the official character of the letter is apparent upon its face, it is unnecessary for the certifying officer to state in his certificate that it is the copy of an official letter.

2. LAND OFFICE; *Erroneous Entry, Canceled; Presumption.* The commissioner of the general land office has supervisory control over the subordinate officers in the land department, and can revise and correct their decisions; and where an erroneous entry made by the register and receiver was canceled by the commissioner, it will be presumed, in the absence of evidence to the contrary, that it was done in accordance with the rules governing such action, and upon sufficient evidence.

*Error from Ottawa District Court.*

EJECTMENT, brought by *Darcy* against *McCarthy.* Trial at the May Term, 1884, and judgment for the defendant. The plaintiff brings the case here. The opinion states the material facts.

*L. J. Crans,* and *Thompson & Richards,* for plaintiff in error.
*Chipman & Painter,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action in ejectment, brought by Michael Darcy to recover from William F. McCarthy the possession of the northeast quarter of section 9, in township

10 south, of range 5 west. The judgment rendered at the first trial was vacated upon a demand made under § 599 of the code, and the second trial was had before the court without a jury. To maintain his action, the plaintiff offered in evidence the duplicate receipt of the receiver of the United States land office at Concordia, Kansas, which is as follows:

"RECEIVER'S OFFICE, CONCORDIA, KANSAS.—No. 2495. Preëmption act of 1841; (see commissioner's letter G, of September 10, 1883; September 14, 1884.)—Received from Michael Darcy, of Ottawa county, Kansas, the sum of two hundred dollars, and — cents, being in full for the northeast quarter of section No. 9, in township No. 10 south, range No. 5 west, containing one hundred and sixty and — hundredths acres, at $1.25 per acre, $200.      E. J. JENKINS, *Receiver.*"

There was also offered in evidence by the plaintiff a certified copy of a letter of the commissioner of the general land office, which is as follows:

"WASHINGTON, D. C., September 10, 1883.—*Register and Receiver, Concordia, Kansas*—*Gentlemen:* I am in receipt of your letter of the 31st ult., transmitting preëmption proof of Michael Darcy for my consideration. Darcy filed D. S. 10,186 for N.E.$\frac{1}{4}$ 9, 10 S., 5 W., Dec. 11, 1882; alleged settlement, Nov. 6, 1882.  W. F. McCarthy made H. E. 16,880, Nov. 11, 1882. There is no reason why, upon proof being made to your satisfaction, you should not allow Darcy to make his cash entry, he having complied with the requirements of the law in the matter of giving notice of such intention. I return the papers transmitted with your letter.

Respectfully,    N. C. McFARLAND, *Commissioner.*"

This, with testimony showing the value of the possession to be $100, was all the evidence offered by the plaintiff, and the defendant then offered in evidence a copy of another communication from the commissioner of the general land office, which, with the certificate of the register of the local office, is as follows:

"DEPARTMENT OF THE INTERIOR, GENERAL LAND OFFICE, WASHINGTON, D. C., October 4, 1883.—*Register and Receiver, Concordia, Kansas*—*Gentlemen:* By my letter G, of September 10, 1883, you were instructed to allow Michael Darcy to make entry, upon proofs admitted, of N.E.$\frac{1}{4}$ 9,

10 S., 5 W., recorded by his D. S. 10,186. It appears from a letter of Messrs. Olney & Co., who write in behalf of Wm. F. McCarthy, who made H. E. 16,880 on said tract Nov. 11, 1882, and the records of this office corroborative of their statements, that McCarthy had instituted a contest against H. E. 15,673 by Darcy on this same land, which he prosecuted to a final decision, canceling said H. E. 15,673, October 30, 1882. This action gave McCarthy a preference right for thirty days, under act of May 14, 1880. As McCarthy made his H. E. October 11, 1882, he was strictly within the law, and any action allowing Darcy's entry was erroneous. I have therefore now to rescind said letter of September 10, 1883, of which action you will advise Darcy.     Respectfully,

N. C. McFARLAND, *Commissioner*."

"U. S. LAND OFFICE, CONCORDIA, KANSAS, November 26, 1883.—I hereby certify that the above and foregoing is a true copy of the U. S. land commissioner's letter G, now on file among the records of this office.

S. H. DODGE, *Register*."

The plaintiff objected to the admission of this testimony, but the court received it, and gave final judgment in favor of the defendant; and the only ground of reversal urged here is the admission of the commissioner's letter. One objection is, that the letter was not properly certified. We deem the certificate to be sufficient. Copies of any official letter or communication received by the register or receiver of any land office of the United States, from any department of the government, that have been duly certified by the register or receiver having the custody of such official letter or communication, are admissible in evidence, the same as the original. (Code, § 384.) The certificate is claimed to be defective because it fails to show that the letter to which it is attached is the copy of an official letter. It appears to be a letter addressed by the commissioner of the general land office to his subordinates upon a matter which clearly comes within the scope of the official duty of those officers. The official character of the letter is clearly disclosed upon its face, and no statement in the certificate could change or make its character more apparent.

It is also claimed that the action of the register and receiver

in allowing the cash entry of the plaintiff is conclusive on the land department, and that the commissioner had no authority to do that which his letter attempted to do.   Although proof of the right to enter land must be made to the satisfaction of the register and receiver, they are not the final arbiters of such right.   They make returns of entries of land to the general land office, which is under the charge of the commissioner. That officer has supervisory control over the subordinate officers in the land department, and can revise and correct their decisions.   The entry relied on by the plaintiff was allowed by mistake and without authority of law, and it was clearly competent for the commissioner to cancel and set it aside.  (*Bellows v. Todd*, 34 Iowa, 31.)  It seems that before the entry was made the plaintiff and defendant had both settled upon and were seeking to acquire title to this land.   The plaintiff then claimed it under a homestead entry, but the defendant instituted a contest, which resulted in the decision made October 30, 1882, canceling the entry.   Under an act of congress, this gave McCarthy, the successful contestant, thirty days in which to enter the same land.  (21 U. S. Stat. at Large, ch. 89, § 2.)   During this time a preference was given to the defendant, which was availed of and exercised by him on November 11, 1882, when he made a homestead entry.   This homestead entry gave the defendant the superior right, and barred the plaintiff from acquiring any right to the land until the entry was contested and canceled.   Notwithstanding this, the officers of the land department, through a mistake, permitted a filing to be made on the land by the plaintiff on December 12, 1882, in which he claims settlement on November 6, 1882.   As the land had already been taken, and was not subject to entry by the plaintiff, this mistaken action of the officers gave him no right.   It is argued for the plaintiff that under § 383 of the code, his duplicate receipt is proof of title against all but the holder of the actual patent, which is not in the hands of the defendant.   This is a rule of evidence prescribed by the code, and is applicable in a controversy between citizens where the duplicate receipt is held with

the concurrence of the United States authorities. The title to the public lands belongs to the United States, and congress is given full authority to dispose of the lands, and to make all needful rules and regulations respecting the same. (U. S. Const., art. 4, § 3.) A land department has been created by congress and rules prescribed for the disposal of the public lands, and to the officers of that department the duty of selling and disposing of the lands is committed. They can only sell or dispose of these lands in the manner prescribed by congress. In disposing of them there are doubtless many mistakes made, but the matter is within the control of the land department until the patent issues, and the mistakes may be corrected by the officers of that department. The entry of the plaintiff, having been made without authority, was rightfully canceled and set aside by the commissioner, and the effect of the duplicate receipt as evidence of title was destroyed. It being within the scope of the duties of the commissioner to make the correction and to cancel the erroneous entry, it will be presumed in the absence of evidence to the contrary, that it was done in accordance with the rules governing such action, and upon sufficient evidence. His action left the whole matter before the land department of the government for adjustment, where the rights of the parties could be further contested, and an appeal from the decision of the commissioner could be taken to the secretary of the interior. Whatever may be the status of the controversy between the parties there, it is plain from the evidence in the record here, that the plaintiff was not entitled to recover.

The judgment of the district court will be affirmed.

All the Justices concurring.