R. M. Judd *vs.* Joseph S. Randall and Wife.

### October 8, 1886.

**Homestead Entry—Cancellation after Final Proof.**—*Held*, upon authority, that a homestead entry of public lands of the United States may be cancelled for fraud by the officers of the land department, even after final proof has been made, but before the issuing of the patent.

**Conveyance—Covenant.**—A covenant by grantors in a deed of conveyance, "for their heirs, executors, and administrators," *held* to import the personal obligation of the covenantors.

Appeal by plaintiff from a judgment of the district court for Nobles county, where the action was tried by *Perkins*, J., without a jury.

*Geo. W. Wilson* and *J. A. Town*, for appellant.

*Daniel Rohrer*, for respondent.

Dickinson, J. This action is for the recovery of damages for alleged breach of a covenant of seizin in a deed of conveyance from the defendants to the plaintiff. The important facts shown by the findings of the court are as follows:

In November, 1876, one Andrews entered the land as a homestead at the proper local land-office of the United States, the land being public land, subject to such entry. In November, 1878, two years after the entry, Andrews made final proof, as required by law, before the officers of the local land-office, and received the receiver's final receipt, which was then recorded in the office of the register of deeds. The ground upon which the final proof was accepted, after less than five years' residence and improvement, does not appear; but provision has been made for the commutation of homestead entries, and also for deducting from the prescribed period of five years the term of service or of enlistment of the occupant in the army or navy, and

we are to presume that the final proof was sufficient, and the final certificate or receipt authorized. On the same day on which Andrews made such final proof and received the proper receipt, he conveyed the land to the defendant Randall, and in 1880 the defendants, who are husband and wife, sold and conveyed to this plaintiff, Judd, with covenants. In February, 1882, Judd sold and conveyed to one Tuttle, with covenants. In June, 1882, upon an affidavit and application of one Graf, presented to the commissioner of the general land-office, a hearing was ordered by that officer to be had before the register and receiver, upon the point as to whether the entry and final proof of Andrews had been fraudulent, or obtained by perjury. Such a hearing was had, and the evidence then produced was reported to the commissioner of the general land-office by the register and receiver, with a recommendation by them that the entry be cancelled; and in February, 1883, the commissioner ordered Andrews's entry and final receipt to be cancelled. Upon a claim by Tuttle, the plaintiff's grantee, of a failure of title, and a breach of the covenants in his deed, the plaintiff repaid Tuttle the consideration paid by the latter for the land.

The conclusion of the learned judge now under review, denying a right of recovery, is based upon his decision that the action of the officers of the land department, assuming to annul and cancel Andrews's entry, and the proceedings resulting in that end, were unauthorized and void. The correctness of this decision is the principal question presented before us. If we were not constrained by the considerations to which we are about to allude, it is probable that our decision would be in accordance with that under review; but, without setting forth the reasons which lead our minds towards that conclusion, we will state briefly the grounds of our decision to the contrary.

It has long been the practice of the land department, in administering the various laws for the disposition of the public lands, even after final proof and the issuing of the proper final certificate or receipt, and after the appointed proceedings with reference to making such proof have terminated, but before the issuing of a patent, to entertain proceedings anew, upon evidence produced before the commissioner of the general land-office, going to show that the entry had

been fraudulently made and completed, to order an investigation, and, upon proof of fraud, such entries have been cancelled. Zabr. Land Laws, 505; 1 Copp, Land-owner, 123, 124; 2 Copp, Land-owner, 54; Copp, Land Laws, 220; 6 Copp, Land-owner, 189; Copp, Land Laws, 421; 11 Copp, Land-owner, 181; 12 Copp, Land-owner, 70, 158, 170, 226, 250, 265, 289; 13 Copp, Land-owner, 13.

This practice seems to have been sanctioned by the supreme court of the United States in *Harkness* v. *Underhill*, 1 Black, 316, 325, and by this court in *Gray* v. *Stockton*, 8 Minn. 472, (529.) The record in the latter case shows that the hearing which resulted in the cancellation of Howell's entry was ordered by the commissioner of the general land-office some three years after Howell had perfected his pre-emption entry, and received his final certificate. It shows, also, that his proof before the land-officers in April, 1855, by which his claim was originally established, included his affidavit that he had declared his intention to become a citizen of the United States.

We feel that we are compelled, by these adjudications in support of the established practice, to affirm the existence of the power in question, until the subject shall be further considered by the supreme court of the United States, whose decisions concerning it are of paramount authority. We do not regard *Randall* v. *Edert*, 7 Minn. 359, (450,) as deciding this question, for it was there assumed "that the case went regularly from the local office to the upper, by return or appeal, and was regularly acted upon."

The theory upon which the decision below was based being unsustained, the judgment must be set aside.

By the covenant of seizin upon which this action is brought, the defendants, "for their heirs, executors, and administrators, do covenant," etc. The decision of the court below that the covenantors thereby became personally bound is sustained. *Smith* v. *Lloyd*, 29 Mich. 382; *Hilmert* v. *Christian*, 29 Wis. 104.

Judgment set aside, and a new trial awarded.