WILLIAM B. SWIGART v. WILLIAM WALKER.

PUBLIC LANDS—*Cancellation of Homestead Receipt—Powers of Commissioner.* The commissioner of the general land office of the United States has authority to cancel a final homestead receipt and set aside the entry at any time before the patent issues, and a purchaser from the entry man after a final receipt is given and before the issuance of the patent takes the land subject to this supervisory power of the commissioner and of the secretary of the interior.

*Error from Sherman District Court.*

ACTION brought by *Swigart* to quiet the title to real estate in Sherman county, against *Walker*, who claimed an adverse interest in the same. The case was tried at the July term, 1889, before the court, when the following findings of fact and of law were made:

"1. Prior to May 14, 1886, the land in dispute was public land of the United States.

"2. On May 14, 1886, the land in question, being a part of the east half of the southwest quarter and the southwest quarter of the southwest quarter of section 18, township 8 S., of range 39 W., in Sherman county, Kansas, and entered as an additional soldier's homestead entry, under the homestead laws of the U. S., by one Anderson A. Cummings, as guardian for the heirs of Joseph Volgymore, deceased, said entry being made at the Oberlin, Kas., land office.

"3. The said land office at that time issued Cummings a final receipt showing the entry of said land.

"4. Afterward, on the — day of ———, said Cummings executed and delivered to the Sherman Center Town-Site Company, of Sherman county, Kansas, his guardian's deed, conveying to it the interest of said Volgymore's heirs in said land.

"5. Afterward, and on the — day of ———, said Sherman Center Town-Site Company executed and delivered to the plaintiff in this case its deed, conveying to him its interest in the property in dispute in this action, it being a part of the land described in said deed of Cummings to the Sherman Center Town-Site Company.

"6. Afterward, and on August 22, 1887, the said entry of said Cummings was by letter 'C' of that date duly canceled

by the commissioner of the general U. S. land office, and the same held for naught; said cancellation being made for reasons that said Joseph Volgymore, deceased, had made a similar entry at San Francisco, Cal., on December 31, 1877.

"7. At the time of beginning this action, no patent had issued to the heirs of said Volgymore conveying to them said land, and never has issued, and that the order of cancellation above referred to had never been appealed from, but now remains in full force and effect.

"8. The cancellation of said entry was made in the local land office at Oberlin, Kas., on October 4, 1887.

"9. Afterward, and on October 5, 1887, William Walker, the defendant in this case, was a qualified entry man in all respects, and on that day entered said land conveyed by the entry of said Cummings as a timber claim, under the timber-culture laws of the United States, by and with the consent of the United States, and that said defendant was in good faith holding said land, and had complied with the laws in all respects, up to and at the time of the beginning of this suit.

"I therefore find, as conclusions of law, that this court had no jurisdiction to inquire into the rights of the parties in and to the title to said land in this action, and that judgment should be rendered for the defendant herein for the recovery of his costs.

"Wherefore, it is hereby ordered and adjudged that this cause be and the same is hereby dismissed, and that the defendant have and recover of and against plaintiff the costs of this suit, taxed at $————."

In accordance with this conclusion, the court entered judgment dismissing the action and awarding costs to the defendant. The plaintiff moved to set aside the findings and for a new trial, which motion was overruled and an exception duly taken.


*S. D. Decker*, for plaintiff in error:

We claim that judgment upon the findings should have been rendered in plaintiff's favor, quieting his title. Our theory of this case is as laid down by Justice Deady and other very eminent jurists. The evidence and findings of the court show that long prior to the commencement of this action the tract of land embracing these lots was proven up on and a patent cer-

tificate was issued to Anderson A. Cummings, under the home-
stead law, and thereafter it was sold to parties who platted it
into blocks, lots, streets, and alleys, for business purposes,
known as the Sherman Center town-site; that after the plain-
tiff purchased the lots in controversy, and erected a store build-
ing on the same, the local United States land office at Oberlin,
Kas., by direction of the commissioner, at Washington, canceled
and erased the entry of record embracing these lots, and al-
lowed the defendant, Walker, to place a timber entry on the
tract of land. ·It was decided in *Smith v. Ewing*, 23 Fed. Rep.
741, that where a certificate of purchase has been issued to a
preëmptor in due form, and no appeal has been taken from the
decision of the local land office, the land described in the cer-
tificate becomes the property of the preëmptor; which certifi-
cate vests in him the equitable title, and he can dispose of his
interest therein as if the purchase had been made from a private
person. *Carroll v. Safford*, 3 How. 460; *Myers v. Croft*, 13
Wall. 291; *Sillyman v. King*, 36 Iowa, 207; *Moyer v. McCul-
lough*, 1 Ind. 339. See, also, *Perry v. O'Hanlon*, 11 Mo. 585;
*Prill ·v. Stiles*, 35 Ill. 309; *Cornelius v. Kissel*, 58 Wis. 241;
*Wilson v. Fine*, 40 Fed. Rep. 52.

*J. W. Lewis*, for defendant in error, after referring to numer-
ous authorities, cites—

*Darcy v. McCarthy*, 35 Kas. 722, the syllabus of which
reads: "The commissioner of the general land office has su-
pervisory control over the subordinate officers in the land de-
partment, and can revise and correct their decisions; and
where an erroneous entry made by the register and receiver
was canceled by the commissioner, it will be presumed, in the
absence of evidence to the contrary, that it was done in accord-
ance with the rules governing such action, and upon sufficient
evidence."

Plaintiff in error seems to rely upon the decision of Judge
Deady. We prefer to quote the supreme court of Dakota, 38
N.W. Rep. 78, as a test for the value of the judge's opinion:
"We have examined Judge Deady's opinion in *Smith v. Ewing*,

in which he arrives at a different conclusion from that reached by us, and so far as the opinion denies the authority of the commissioner, under the direction of the secretary of the interior, to cancel the final receipt once issued, that decision stands alone, and is unsupported even by the authorities cited by the learned judge."

The opinion of the court was delivered by

JOHNSTON, J.: It is contended that the findings require the entry of judgment in favor of Swigart, who holds under the unwarranted entry of Cummings, the guardian of the Volgymore heirs. As stated in the findings, the guardian entered a tract of public land in Sherman county as an additional soldier's homestead entry, and a final receipt showing the entry was issued by the register and receiver of the local land office. Soon afterward the land was conveyed to a town company, and a few months later the company conveyed the portion in dispute to the plaintiff in error. Before the patent issued or the legal title had passed from the United States, it was discovered that Joseph Volgymore, then deceased, had previously used the right and had made a similar entry about 10 years before in California. Thereupon, the final entry made by the guardian of the heirs of Volgymore was canceled, and subsequently the land was entered by Walker, whose qualifications are unquestioned, and the regularity of the steps taken by him to acquire the land is not challenged.

The only question presented is as to the power of the United States land commissioner to set aside the entry and to cancel the final receipt which had been issued. We have no doubt of the power of the commissioner. It is not claimed to have been exercised erroneously or fraudulently, and, if he is warranted in taking such action in any case, it will be presumed to have been regularly and legally done in this case. The action of the local land officers is final, but is subject to the supervision and control of the commissioner and his superior officer, the secretary of the interior. Until the patent issues, the commissioner, under the direction of the secretary,

is vested with full power to review and correct any error in the preceding steps taken in the disposition of the land, and may inquire into and arrest any act of fraud committed against the government. Their power does not end with the issue of the final receipt. This was practically decided in *Darcy v. McCarthy*, 35 Kas. 722; and most of the adjudicated cases upon the question sustain that view. (*Pierce v. Frace*, 26 Pac. Rep. 192; *Jones v. Meyers*, 26 id. 215; *Hastres v. Brennan*, 50 Cal. 211; *Judd v. Randall*, 29 N. W. Rep. 589; *Forbes v. Driscoll*, 31 id. 633; *Vantongeren v. Heffernan*, 38 id. 52; *Bernard's Heirs v. Ashley's Heirs*, 18 How. 45; *Bell v. Hearne*, 19 id. 252; *Harkness v. Underhill*, 1 Black, 316; *Marquez v. Frisbie*, 101 U. S. 473; *United States v. Schurz*, 102 id. 378; *Steel v. Smelting Company*, 106 id. 447; *Randall v. Edert*, 7 Minn. 450; *Gray v. Stockton*, 8 id. 529; *Ferry v. Street*, 11 Pac. Rep. 571.)

When Swigart purchased the land he was aware that no patent had been issued, and took it subject to a reëxamination and to the right of the department to cancel the entry for sufficient reasons. No appeal has been taken from the order of cancellation, and having been made with authority, Swigart had no title to the property, and hence the judgment of the district court must be affirmed.

All the Justices concurring.