M. C. FERNALD v. WILLIAM C. WINCH et al.

PUBLIC LANDS—*Cancellation of Entry—Power of Commissioner of Land Office.* The commissioner of the general land office of the United States has authority to cancel a final preëmption receipt, and set aside the entry before patent issues thereon; and a mortgagee of the entry man, after final receipt is given, and before the issuance of the patent, takes his mortgage subject to this supervisory power of the commissioner and of the secretary of the interior. The case of *Swigart v. Walker,* 49 Kas. 100, cited and followed.

*Error from Kingman District Court.*

ACTION to foreclose a mortgage. The facts are fully stated in the opinion, filed December 10, 1892.

*W. J. Patterson,* and *Stanley & Hume,* for plaintiff in error:

We claim that the action of the commissioner of the land office and that of the register and receiver, was absolutely void, and their findings that Winch and Husey did not establish residence and settlement upon the land were nullities, and the orders of the commissioner of the land office, made in February, 1887, canceling the entries of Winch and Husey, and afterwards opening the land up for settlement, were also

nullities. The leading case is *Smith v. Ewing,* 23 Fed. Rep. 741, and it disposes of the case in favor of the plaintiff in error. The same doctrine was afterward established in *Wilson v. Fine,* 40 id. 52. *Darcy v. McCarthy,* 35 Kas. 722, where the question of conflicting preëmption rights was decided, is a case distinguishable from the case at bar.

That a mortgage is an assignment or conveyance, is held in *Brewster v. Madden,* 16 Kas. 249. Again, after the entry of Husey of one-half of the land described in the petition, Husey conveyed to Winch, and this was done fully three years before any proceedings were instituted by the government to cancel the entry of Husey, and as it is held in *Myers v. Croft,* 13 Wall. 291, Husey became the owner of the property after the entry. See *Moore v. Robbins,* 96 U. S. 538; *Carroll v. Safford,* 3 How. 460.

See, also, the following cases: *Brill v. Stiles,* 35 Ill. 305; *Perry v. O'Hanalan,* 11 Mo. 594; *Cornelius v. Kessel,* 58 Wis. 237; *Wilcox v. Jackson,* 13 Pet. 493; *Bennett v. Farrar,* 2 Gilm. (2 Ill.) 589; *Camp v. Smith,* 2 Minn. 155; *Rogers v. Brent,* 5 Gilm. 473, 580; *Mining & Milling Co. v. Spargo,* 16 Fed. Rep. 348; *People v. Shearer,* 30 Cal. 645, 648, 649; *Gwin v. Niswanger,* 15 Ohio, 370, 376; *Witherspoon v. Dunan,* 4 Wall. 210, 218; *Hughes v. United States,* 4 id. 232, 235; *Astrom v. Hammond,* 3 McLean, 109; 45 Fed. Rep. 760; 11 Sup. Ct. Rep. 57; 48 Fed. Rep. 47; 47 id. 47.

*Gillett Bros. & Co.,* for defendants in error Henry Fieser and wife:

It is settled by the decisions of the federal supreme court, that, after patent has issued to the entry man, the land department is divested of all power in relation to the land; its functions have wholly ceased, as to that land; and, whether fraud has been committed by the entry man or not, so long as the United States is satisfied, a third party cannot be heard to complain, even in the courts, upon that ground, and only upon a prior equity; and this same doctrine is applied as be-

tween the entry man and a third party, where such third party, without prior equity, seeks in the courts to have the entry man's rights declared inferior to that of the trespasser; so long as the government does not complain of the fraud perpetrated on it, a stranger cannot be heard to complain. 21 Myer's Fed. Dec., § 1332. And it has been settled by the same court that the officers of the land department cannot be restrained or compelled by the courts in any matter relating to lands while the title thereto is still in the United States.

The case of *Moore v. Robbins*, 96 U. S. 530, is against plaintiff in error. It holds that the functions of the land department cease when the title has passed, by patent, from the government, after which the secretary cannot entertain an appeal, being absolutely without authority. The cases of *Bennett v. Farrar*, 2 Gilm. (Ill.) 589; *Rogers v. Brent*, 5 id. 473, 580; *Brill v. Stiles*, 35 Ill. 305, have been qualified or overruled or reconciled by the later decisions of that court. See *Robbins v. Bunn*, 54 Ill. 48; *Moore v. Robbins*, 6 Otto, 530–539.

*Smith v. Ewing*, 23 Fed. Rep. 741, is a case in point for plaintiff in error; and it stands alone, we believe, on the proposition in support of which it is cited. True, Judge Deady, of the circuit court of Oregon, who wrote that opinion, has since affirmed it in *Wilson v. Fine*, 40 Fed. Rep. 52, and reaffirmed it in *Mortgage Co. v. Hopper*, 48 Fed. Rep. 47, which cases are cited by plaintiff in error; but we know of no other federal judge who has followed that decision or taken that ground on such proposition. At the time *Smith v. Ewing* was decided, it was directly contrary to and amounted to an overruling of the federal supreme court decisions. *Harkness v. Underhill*, 1 Black, 316.

Opinion by SIMPSON, C.: M. C. Fernald, the plaintiff in error, commenced this action in the district court of Kingman county, on the 16th day of August, 1888, against William C. Winch and Lydia Winch, to foreclose a mortgage executed by them on certain lands in Kingman county. To this action

Henry Fieser and Amelia Fieser were made parties, and it was alleged in the petition that they had, or claimed to have, the title to, or some interest in, or lien upon said land, or a part thereof, which they acquired subsequent to the lien of the mortgagee. Winch and wife made default, but Fieser and wife filed an answer, in which it was alleged that their title to the land covered by the mortgage executed by Winch and wife was derived directly from the United States under the preëmption laws. They denied having executed any mortgage upon said land, and allege that the mortgage executed by Winch and wife is a cloud upon their title, and pray that it be declared null and void as against them. To this answer the plaintiff in error replied that Winch procured title to said land by preëmption from the government, by a full compliance with all the requirements of the land laws, and that Winch and wife executed the notes and mortgage sued upon; and that subsequent to the execution of the mortgage, and without the knowledge of Winch, and without notice to him, some officers connected with the land department of the government pretended to cancel the entry of Winch and set aside his final receipt, and that said acts of said officers were and are null and void, being without authority.

At the trial, it was stipulated by the parties that the following may be introduced and considered as the facts in the case: That under the date of August 15, 1883, Adolph C. Husey made cash entry of the south half of the southeast quarter and the south half of the southwest quarter of section 13, township 30 south, of range 6 west of the sixth principal meridian, in Kingman county, Kansas, in the United States land office at Wichita, Kas., and made full payment for said lands and took the receiver's final receipt therefor; that under date of September 12, 1883, the defendant, William C. Winch, made cash entry of the north half of the southeast quarter and the north half of the southwest quarter of section 13, township 30 south, of range 6 west of the sixth principal meridian, in Kingman county, Kansas, in the United States land office at Wichita, Kas., and made full pay-

ment for said lands and took the receiver's final receipt therefor; that subsequent to the time of said original entries by Adolph C. Husey and William C. Winch, respectively, and prior to the cancellation of said entries and the order opening up said lands for settlement, the said J. B. Watkins and M. C. Fernald, plaintiffs herein, for full consideration, accepted conveyances of the southwest quarter of said section 13, township 30, range 6, by the mortgages set forth in the petitions herein, respectively, and that such conveyances were accepted by them, they supposing and believing that the law governing such entries had been fully complied with by said preëmptors, Husey and Winch.

It is further agreed, that the records of the United States land office at Wichita, Kas., show the following state of facts, but plaintiffs object to the introduction of the same in evidence in the case, on the grounds of incompetency, irrelevancy and immateriality to the issues joined in these actions: That on the 14th day of June, 1886, one George Scheuerman filed his application at the said United States land office at Wichita, Kas., to contest said original entries by said Adolph C. Husey and William C. Winch, preëmptors; and that thereafter, on the 2d day of July, 1886, the United States commissioner of the general land office, acting upon said application, directed the register and receiver of the said land office at Wichita, Kas., to order a hearing to determine the character of said entries by Husey and Winch as above said; that thereafter, as so directed, a hearing was ordered by the said register and and receiver, and due and legal notice was given to the said Adolph C. Husey and said William C. Winch, original preemptors, at which hearing they, the said Adolph C. Husey and William C. Winch, made default; at which hearing, so ordered, the testimony showed, and it was so found by said register and receiver, that the defendants Adolph C. Husey and William C. Winch never established a residence upon the lands by them entered as above said; that upon said finding, immediately thereafter, the said defendants Adolph C. Husey and William C. Winch were duly and legally notified

thereof, but that they, the said defendants, failed to appear, and thereafter, on the 28th day of February, 1887, the said United States commissioner of the general land office, by order, canceled both of said original entries by said defendants made; that subsequent to the dates (August 15 and September 12, 1883) of said entries, and prior to the date (February 28, 1887) of the cancellation thereof, that is, on the 10th day of October, 1883, said Adolph C. Husey deeded the south half of the southwest quarter of said section to William C. Winch; and said William C. Winch on the same date deeded the north half of the southeast quarter of said section to Adolph C. Husey; that subsequent to the date (February 28, 1887) of said cancellation the said lands were, by order of the commissioner of the general land office, opened up for settlement; and that, under date of September 5, 1887, one George Scheuerman made cash entry of the southeast quarter, and one Henry Fieser, under same date, made cash entry of the southwest quarter of said section 13, township 30, range 6, and that each of them made full payment for said lands, and took the receiver's final receipt therefor; that said original entries were not canceled as a result of conflicting preëmption rights, existing and tried prior to the issuance of said final receipts to said original preëmptors, and reviewed thereafter, but upon charges of fraud charged to them, the said original preëmptors; that said Watkins and Fernald, plaintiffs herein, are chargeable with the notice they might have or should have received by operation of law, but that they had no actual or personal notice.

The trial court rendered the following judgment:

"And now, this 4th day of March, 1889, the same being a day of the regular December term of said court, the above-entitled cause coming on to be heard before the court upon the petition of the said plaintiff, and the answer thereto of the said defendants Henry Fieser and Amelia Fieser, plaintiff appearing by his attorney, W. J. Patterson, and defendants Henry Fieser and Amelia Fieser, his wife, appearing by their attorneys, Gillett Bros. & Co., and the said defendants William C. Winch and Lydia Winch, his wife, appearing not,

either in person or by attorney, though the plaintiffs show the court, and the court finds, that service of summons has been duly and regularly made upon said defendants William C. Winch and Lydia Winch, personally, who have failed to appear, and still fail to appear and plead in anywise to plaintiff's petition herein, though the time for so doing had fully expired before the trial hereof; and this cause coming on to be heard, a trial by jury is waived, and a trial by the court is thereupon had upon the pleadings in the case and evidence adduced. It is thereupon found by the court, that the allegations in plaintiff's petition are true, and that there is now due the plaintiff, by reason of the premises, from said defendants William C. Winch and Lydia Winch, the sum of $500, as principal, and $122.25, as interest thereon; in the aggregate, $622.25. It is therefore ordered and adjudged by the court, that plaintiff do have and recover of and from said defendants William C. Winch and Lydia Winch the said sum of $622.25, and costs of this action, and that said judgment bear interest from date at the rate of 12 per cent. per annum."

The troublesome question in this case arises from the fact that on the 15th of August, 1883, Husey entered the south half of the two quarter sections, and on the 12th day of the following September, Winch entered the north half of the two quarter sections. On the 10th day of October, 1883, Husey deeded the south half of the southwest quarter to Winch, and Winch deeded the north half of the southeast quarter to Husey. Winch and wife executed the promissory notes and mortgage sued on on the 1st day of September, 1886. Subsequent to all this, and on the 14th day of June, 1886, application was made at the local land office to contest the entries of Husey and Winch. This application was heard, notice being given to Husey and Winch, who defaulted, and on the 28th day of February, 1887, the commissioner of the general land office, by order, canceled the entries. The controlling question in the case, the solution of which settles the rights of these parties to the land, and overshadows and dwarfs all contentions about the sufficiency of the answer or the regularity of the made case, is, had the commissioner of the general land office the power and authority to cancel the entries

of Husey and Winch, before the issuance of the patent, by reason of their noncompliance with any or all of the requirements of the preëmption act? In this court this is not now an open question; it has been settled, in accordance with the great weight of authority, both by the supreme court of the United States and of many final state tribunals, that the commissioner has such power. (See the very recent case of *Swigart v. Walker*, 49 Kas. 100.) It holds expressly that the commissioner of the general land office of the United States has authority to cancel a final homestead receipt, and set aside the entry at any time before the patent issues, and a purchaser from the entry man, after a final receipt is given and before the issuance of the patent, takes the land subject to this supervisory power of the commissioner and secretary of the interior. The opinion cites many cases in support. It is binding and conclusive in this case, and we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.