F. R. LUSK AND ADELAIDE L. LUSK v. THE C. G. LARNED MERCANTILE, REAL ESTATE AND LIVE STOCK COMPANY.*

No. 229.

UNITED STATES LAND LAWS—*Power of Commissioner of General Land-office—Cancellation of Entry.*   *Swigart v. Walker,* 49 Kan. 100; *Fernald v. Winch,* 50 id. 79; *Darcy v. McCarty,* 35 id. 722, and *Tatro v. French,* 33 id. 49, cited and followed.

Error from Kingman district court; S. W. LESLIE, judge.   Opinion-filed March 14, 1898.   Reversed.

*Affirmed in supreme court, November 5, 1898.   See 59 Kan. 760.   REP.

*John E. Leydecker*, for plaintiffs in error.

*P. B. Gillett*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: In 1883 Elisha F. Woods made Osage cash entry No. 4019 upon certain lands in Kingman county, made final proof, paid the purchase price thereof, and obtained a final receipt therefor. In 1886 the commissioner of the general land-office canceled his entry and held the lands subject to entry. The defendant in error claims title under Woods's entry.

In 1887 John Lindman entered the land, made final proof, paid the purchase price, obtained a final receipt therefor, and the land was patented to him. The plaintiffs in error claim title under Lindman's entry.

This action was brought in the district court to have the title decreed to be in the defendant in error, which was done by the trial court. The plaintiffs in error bring the case here for review, and allege that the court erred in holding the proceeding in the United States land-office void so far as the cancellation of Woods's entry was concerned.

This question has been decided by the supreme court since this case was decided in the trial court, and has been settled in favor of the plaintiff in error.

"The commissioner of the general land-office of the United States has authority to cancel a final homestead receipt and set aside the entry at any time before the patent issues, and a purchaser from the entry may, after a final receipt is given and before the issuance of the patent, take the land subject to this supervisory power of the commissioner and of the secretary of the interior." (*Swigart v. Walker*, 49 Kan. 100; *Fernald v. Winch*, 50 id. 79.)

"It being within the scope of the duties of the commissioner to make the correction and to cancel the erroneous entry, it will be presumed, in the absence of evidence to the contrary, that it was done in accordance with the rules governing such action, and upon sufficient evidence. His action left the whole matter before the land department of the government for adjustment, where the rights of the parties could be further contested, and an appeal from the decision of the commissioner could be taken to the secretary of the interior." (*Darcy v. McCarty*, 35 Kan. 722.)

"Findings of fact made by the land officers in a contested preemption case will be considered as final and conclusive when relief is sought in the courts." (*Tatro v. French*, 33 Kan. 49.)

The judgment of the district court is reversed and the case remanded for a new trial.