[No. 4270.]

THE REBECCA GOLD MINING COMPANY, LIMITED, v. BRYANT.

**Mining Claims—Conflicting Locations—Receiver's Receipt—Patent.**

The strip of land in controversy was included in two locations and described in the location certificate of each. The own-

ers of the first location never asserted any claim to it and it was included in their location certificate by mistake. When patent was applied for on the first claim by agreement with the owners of the second the strip was expressly excluded and was not included in the patent. When patent was applied for on the second claim, by mistake the strip was not included, but the application was amended so as to include it and when final proof was made and the purchase price paid it was included and described in the receiver's receipt or certificate of purchase, but the commissioner of the land office without notice to the owners caused the records of his office to be changed by excluding the strip from the final certificate of entry and patent was issued for the claim not including it. The patents were recorded and the two claims were transferred to defendant who has ever since been in possession of and working the same. After the patents were recorded plaintiff located the strip, and upon a reapplication for patent upon the second claim so as to include the strip, filed his adverse. Held, that the final receiver's receipt vested in the owners of the second location a right to a patent; that the subsequent action of the land department in assuming to cancel the entry to the extent of the ground in controversy was unauthorized and void; that the ground in controversy was not subject to location by plaintiff, and as against plaintiff defendant is the owner of and entitled to a patent thereto.

*Appeal from the District Court of El Paso County.*

Messrs. CARPENTER & McBIRD, for appellant.

Messrs. GUNNELL, CHINN & MILLER, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an action in support of an adverse claim. A triangular strip of ground in the Cripple Creek mining district was covered by three separate mining locations—the C. O. D., made in 1891; the Rebecca, in 1892; the Helen B, in 1898. The controversy here is between the owners of the Rebecca and Helen B. The evidence is practically harmonious, the case having been tried upon uncontradicted oral testimony

and an agreed statement of facts, and without strict regard to the issues made by the pleadings. The material facts are:

The ground in controversy was included within the C. O. D. location and was described in the location certificate. When application for a patent therefor was filed, which was after the Rebecca location was made, the conflicting territory was expressly excluded therefrom by the applicants, and afterwards by the land department, from the patent which was issued in 1893. It clearly appears that this strip was by mistake included within the C. O. D. location, and that its owners never at any time made any claim to it. In making application for a patent to the Rebecca lode in 1895, there is apparently some uncertainty upon the part of its owners as to their attitude with respect to this conflicting territory. In one of the papers constituting the application for a patent for the Rebecca, it seems, by mistake of the applicants, to have been excluded. They corrected the error by including it in amended published papers, and when the final proof was made, the officers of the department described it in the final certificate of purchase, or receiver's receipt, acknowledging the payment of the purchase price.

Afterwards, and before patent, and because of the fact of this first erroneous exclusion from one of the patent papers, the commissioner of the land office, of his own motion, without notice to the owners of the Rebecca, cancelled or changed the records of his office, or caused the same to be done, by excluding from the final certificate of entry this conflicting territory, and when the patent was issued for the Rebecca in August, 1895, it did not contain the same, although the previously issued C. O. D. patent, as well as that application for entry, did not cover it.

After patents had been obtained for the Rebecca

and the C. O. D. they were recorded, and the two mines conveyed to the appellant mining company, which has, ever since that time, been continuously in possession and working them as producing mines. In August, 1898, from an inspection of these patents by the plaintiff (appellee here), he discovered that the ground, which he subsequently located as the Helen B., though included in the location certificates of both the earlier locations, was excluded from the patents, and he thereupon proceeded to locate the same as the Helen B. claim, and afterwards perfected his location in accordance with the statutes, and his title is good, if at the time of his location the territory was unappropriated public domain.

When the appellee sought to obtain a patent for the Helen B., the commissioner of the land office refused to consider his proceeding as an application for that purpose, but remitted him to his rights under the statute in case an application for a patent to the ground was made by other claimants. The various rulings of the department are not altogether consistent, but its final decision with respect to the Rebecca lode was that since, in one of the papers constituting application for a patent therefor, the territory here in conflict was distinctly claimed, and at that time the only apparent adverse interest thereto arose out of its previous location as a part of the C. O. D., and the owners of the latter had never made any claim thereto, but had excluded it in their entry, and the department had also excluded it from the patent; the change by the commissioner of the certificate of purchase of the Rebecca was unauthorized, and the conflicting territory should have been included in the Rebecca patent. But since appellee, as the owner of the Helen B. location, claimed rights in the same property, the owners of the Rebecca were required to re-advertise and make application for a patent

for their property as if no previous application had been made. And in this connection it is pertinent to remark that the mere cancellation of the entry does not render the ground open to re-location.—*Beals v. Cone,* 27 Colo. 473.

When, therefore, in pursuance of such directions, appellant proceeded to make application for a patent for the Rebecca lode including the strip in controversy, the appellee filed his adverse claim and brought this suit in its support.

A number of questions have been argued by counsel which, in the view we take of the case, it is not important to determine. The chief reliance of appellee seems to be that because the disputed tract was covered by the C. O. D., the same being the first location, the locators of the Rebecca claim, being subsequent in time, acquired no right whatever to the conflicting territory; that though the owners of the C. O. D. expressly disclaimed any right to this ground when they applied for a patent and, in fact, at all times, this did not inure to the Rebecca owners so as to attach the alleged abandoned ground to the Rebecca claim; but before the Rebecca owners could acquire any right thereto, it was necessary for them to proceed under the statute to re-locate the same as an abandoned claim by filing a new or amended certificate of location, which was not done. The principal authorities upon which they rely are *Belk v. Meagher,* 104 U. S. 279; *Gwillim v. Donnellan,* 115 U. S. 45; *Oskamp v. Crystal River M. Co.,* 58 Fed. 293 (7 C. C. A. 233), and 1 Lindley on Mines, § 363.

It is to be observed that the rule there announced was applied in cases involving the two original overlapping locations, and not to a controversy between the junior of the two original locators and some third party, whose rights as a re-locator, if any, afterwards arose. At all events, we think that, under the facts

of this case, the doctrine above contended for does not apply and that there is no ruling in any of those cases inconsistent with the conclusion we have reached as to the validity of the Rebecca lode. When the ground was given up by the C. O. D., its owners had the right to agree with the owners of the Rebecca, which apparently they did, to relinquish the ground claimed by both locations, so that the junior location might acquire title to it, and if the latter, before intervening rights accrued, took such steps under the public land laws and the rules of the land department as entitled him to a patent therefor, and on final proof received a receiver's receipt for the same, a third party cannot gain a superior right by making a location upon it as unappropriated public domain after the issuance of such certificate of purchase. At least, this is true unless such certificate is lawfullly set aside by the officers of the government, even though, as between the owners of the two original locations, the owner of the junior one, by failing to comply with some statute or rule of the department, might not prevail.

The Rebecca owners, on the showing made in this record, were entitled to a patent for the land in conflict when the land officers gave them the receiver's receipt describing it, and it is only because the disputed ground was excluded from the patent (improperly, as we hold) that the owner of the Helen B. can claim that it was abandoned by them, hence open to entry as a part of the public domain. Let us examine this contention.

We are clearly of the opinion that the action of the commissioner of the land office in changing the receiver's receipt so as to exclude therefrom the territory in conflict was void. No notice was given by the land department, and none received by the owners of the Rebecca, of this change, and although the patent as issued to them contained no description

of the excluded ground, nevertheless the record shows that this omission was not known to the owners of the Rebecca until about the time the appellee attempted to make his location, and they were then in actual possession of the premises, working them under claim of right as part of the Rebecca lode described in their final receipt.

It also clearly appears that this disputed territory has been in the possession of, and mining operations therein carried on by, the defendant and its grantors from the time of the location of the Rebecca, and that when appellee attempted to make his location he was aware of that fact, was warned by them that they claimed the ground, and requested not to enter upon it.

We think the general rule as stated in *Swigart v. Walker,* 49 Kan. 100, that the commissioner of the general land office has, for good cause shown, authority to cancel a final receiver's receipt and set aside the entry any time before patent issues. It is, however, equally well settled as shown in the case of *Cornelius v. Kessel,* 128 U. S. 456, that the supervision possessed by the commissioner is not unlimited or arbitrary, but can only be exerted on a proper showing made, and with notice to the applicant whose entry is attempted to be vacated. There is no claim here that this entry was made upon false testimony, or without authority of law. On the other hand, the records of the land office show that the disputed strip was erroneously and by mistake included within the C. O. D. location by the owners of the latter and that they never made any claim to the same, and intentionally excluded it in their application for a patent. It was evidently in accordance with an arrangement between them and the owners of the Rebecca that the former made the exclusion and when the owners of the Rebecca applied for, and received, their patent,

the ground was unappropriated public domain. Under these facts, as against all persons except the government, the Rebecca owners were then entitled to possession, and upon payment of the purchase price and issuance of the receiver's receipt their right to a patent became vested. That receipt vested in those to whom it was issued the right to a patent which has not yet been, and cannot now, on the facts before us, be divested.

The subsequent action of the land department in assuming to cancel this entry to the extent of the ground in conflict was wholly unauthorized and void, as the commissioner of the land office himself subsequently ruled. *Del Monte M. Co. v. Last Chance M. Co.,* 171 U. S. 54, has been cited by appellee as sustaining his contention, but we find nothing in that decision to justify it, and, as already stated, we do not think that this case comes within the doctrine of *Belk v. Meagher, supra,* as clearly appears from the comments upon that decision made by Justice Brewer in his opinion in the Del Monte case.

We are of opinion that the receiver's receipt for the Rebecca, which the appellant holds has not been lawfully cancelled, and that in this proceeding its validity has not been impeached. The judgment of the district court being in conflict with this view, it is reversed and the cause remanded.

*Reversed.*