[No. 9691.  Department Two.  April 24, 1912.]

E. F. HARSIN, *Respondent*, v. LOUIS L. OMAN *et al.*, *Appellants.*[1]

COVENANTS—AGAINST INCUMBRANCES—PERSONAL COVENANTS—CONSTRUCTION. It cannot be claimed that a covenant against incumbrances by grantors "for their heirs, executors, and administrators" is not a personal covenant binding upon the grantors, since it was broken, if at all, when made and could not have been intended to bind heirs after the grantors' death.

JUDGMENT — BAR — MATTERS CONCLUDED — CAUSES SUBSEQUENTLY ARISING. A judgment for nominal damages for breach of a covenant against incumbrances, recovered before the incumbrances have been discharged by the grantee, is not *res judicata* or a bar to a subsequent action to recover substantial damages suffered by the grantee in subsequently paying off and discharging the incumbrances.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 5, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for breach of covenant. Affirmed.

*Starkey & Belknap*, for appellants.

*Jno. L. Dirks* and *O. C. Moore*, for respondent.

MORRIS, J.—It is sought in this action to recover for the breach of a covenant against incumbrances. The covenant is as follows:

"And the said L. L. Oman and Ida E. Oman, husband and wife, parties of the first part, for their heirs, executors and administrators, do covenant with the said party of the second part, his heirs and assigns, that they are well seized in fee

[1]Reported in 123 Pac. 1.

of the lands and premises aforesaid, and have good right to sell and convey the same in manner and form aforesaid, and that the same are free from all incumbrances."

Appellants admit that, at the time of the passing of the deed containing this covenant, the premises thereby conveyed were incumbered by the lien of certain local assessments subsequently paid by respondent. They contend, however, they are not liable upon the covenant; first, because it is an express one in which appellants do not bind themselves, but covenant only "for their heirs, executors, and administrators;" second, the action is barred by the judgment in a previous action between the same parties, upon the same breach, in which respondent recovered nominal damages.

Upon the first contention, it must be admitted at the outset that there is a diversity of opinion. Upon the theory that the court would presume that the grantee accepted such a covenant as that contained in this deed because he could get no better, and reasoning further that it must be presumed that the grantor was willing to bind his heirs and representatives to the extent of the estate that they might receive from him, but was unwilling to bind himself, it has been held in *Dun v. Dietrich*, 3 N. D. 3, 53 N. W. 81, and *Traynor v. Palmer*, 86 Ill. 477, that no personal liability attached to the grantor because of existing incumbrances. We cannot so hold. Where the covenant is one, such as a warranty, which could be broken only in the future, there might be plausible reasons, as is said in *Smith v. Lloyd*, 29 Mich. 381, for saying the covenant was intended to bind the heirs and representatives of the grantor for such breaches as might occur after the grantor's death and not the grantor himself. But where, as in this case, the covenant is one against incumbrances, such a restriction does not appeal to us as sound; at least, we are not disposed to announce it as the rule in this state. It is admitted by all the authorities that a covenant against incumbrances is broken, if at all, when made. The

language of Christiancy, J., in the cited case is so apt that we adopt it:

"And it certainly strikes my mind as very strange, and closely bordering upon the absurd, to say that the parties could have understood the intention of these covenants to have been that, for the grantor's own breach, committed in the very act of making the covenants, he was not to be held liable, but that he was binding his heirs, executors and administrators to sustain that liability. How he could thus bind them or either of them upon such covenants, except as their liability should result from an obligation resting upon him, is not very easy to discover, unless he can be held to be acting as their agent, and under their authority, which cannot be pretended. We must therefore, to sustain the theory of defendant, hold that these covenants were inserted for no purpose, and to have no effect, unless they were intended to bind the covenantor himself, and his heirs, executors and administrators, as such, and as a result of the obligation thereby imposed upon himself."

The same holding has been announced· in: *Stanley v. Goodrich*, 18 Wis. 530; *Hilmert v. Christian*, 29 Wis. 104; *Judd v. Randall*, 36 Minn. 12, 29 N. W. 589. We therefore sustain the ruling of the lower court in holding the appellants personally bound by the covenant against incumbrances.

In support of the second point, it appears that, in May, 1909, respondent commenced an action against appellants, predicated upon a breach of this same covenant. At that time he neither pleaded nor proved the payment of these assessments. The court there held in the absence of such proof appellants could be held only as for the naked breach of the covenant, and awarded respondent nominal damages only. This judgment is now pleaded as a bar. We do not so regard it. While it is admitted, there can be but one recovery upon the same cause of action. This does not mean the subject-matter of a cause of action can be litigated but once. It may be litigated as often as an independent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist. It follows from the very nature of things that a

cause of action which did not exist at the time of a former judgment could not have been the subject-matter of the action sustaining that judgment. Many illustrations of this principle may be found in *State v. Torinus*, 28 Minn. 175, 9 N. W. 725. These assessments were not paid until January 6, 1910, subsequent to the award of judgment in the former case; hence they could not in any sense be said to have entered into that judgment as determining the rights of these parties growing out of a payment subsequently made and in no sense an issue in the former action. For this reason the rule announced in *International Development Co. v. Clemans*, 66 Wash. 620, 120 Pac. 79, is not applicable here.

The court below is sustained in holding the former judgment not a bar, and the judgment is affirmed.

DUNBAR, C. J., CHADWICK, CROW, and ELLIS, JJ., concur.