[No. 1104-2.    Division Two.    November 20, 1974.]

ROBERT W. SCOTT et al., Respondents, v. KNOWLTON WOOLARD et al., Appellants.

Alan L. Froelich (of Wendells, Froelich, Power & Lakefish), for appellants.

Gregory H. Pratt (of Murray, Scott, McGavick, Gagliardi, Graves, Lane & Lowry), for respondents.

PETRIE, J.—This is a title dispute to a strip of land approximately 0.2 acre in area, 325 feet in length and from 18 to 40 feet in width. By quitclaim deed, Gallion conveyed the disputed strip to Woolard in May 1967. Woolard left the deed with his attorney to be recorded, but the deed was not recorded until November 23, 1971. Before the Woolard deed was recorded, Gallion conveyed to Scott, by warranty deed, a larger parcel of land (3 acres) containing in part the disputed area. Scott's deed was recorded on August 12, 1971, and he took possession several days later.

The trial court found that Scott was a bona fide purchaser for value, and quieted title to Scott. The court also found that Gallion had breached Scott's statutory warranty deed, denied Scott any damages therefor but awarded Scott attorney fees against Gallion. Both Woolard and Gallion have appealed to this court.

The record supports the trial court's finding that Scott had no actual knowledge of Woolard's preexisting but unrecorded deed. The key issue on appeal is whether or not the record supports the trial court's finding that Woolard's possession was insufficient to put Scott upon "inquiry notice" so that he had constructive knowledge of Woolard's prior deed.

What makes inquiry a duty is such a visible state of things as is inconsistent with a perfect right in him who proposes to sell. *Paganelli v. Swendsen,* 50 Wn.2d 304, 311 P.2d 676 (1957). There can be no doubt that Scott knew some one other than Gallion was in possession of the now disputed strip of land. Scott contends, and Gallion denies, that Gallion told him the strip of land was under an oral lease. The trial court made no specific finding resolving that factual dispute. However, possession by a tenant supplies no notice to a prospective purchaser other than the tenant's right to occupy as a tenant. Such right is not inconsistent with the right of the record owner to convey fee simple title. *Rehm v. Reilly,* 161 Wash. 418, 297 P. 147, 74 A.L.R. 350 (1931).

The record is quite clear that Scott relied upon Gallion's record title through inquiry to the bank which held Gallion's mortgage, the county assessor, and the title company which prepared the preliminary title report. We find there is substantial evidence to support the trial court's determination that Scott was a bona fide purchaser for value. Accordingly, Woolard's unrecorded deed, although prior in date, was void as against Scott's deed which was first in recordation. RCW 65.08.070.

We turn then to the question of whether or not Scott was

entitled to judgment for reasonable attorney's fees against Gallion.

Ordinarily, the statutory covenants which flow from a statutory warranty deed (RCW 64.04.020) do not protect against any but lawful claims which negate the title the deed purports to convey. *Foltz v. Manson,* 164 Wash. 692, 4 P.2d 509 (1931). However, in the case at bench attorney fees are recoverable under the theory that the natural and proximate consequences of Gallion's wrongful act involved Scott in litigation with another, Woolard, not a person privy to the Gallion-Scott contract. *Vincent v. Parkland Light & Power,* 5 Wn. App. 684, 491 P.2d 692 (1971); *Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 390 P.2d 976 (1964).

We cannot say that the court abused its discretion in setting the amount of attorney fees at $500. Scott seeks attorney fees on appeal. We agree they should be allowed.

Judgment affirmed; this matter is remanded with instruction to set the reasonable amount of attorney fees allowable on this appeal.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied December 31, 1974.