[No. 44922.   En Banc.   August 24, 1978.]

MARKETING UNLIMITED, INC., *Appellant,* v. JEFFERSON
CHEMICAL CO., *Respondent.*

*David H. Putney* (of *Halverson, Applegate & McDonald*)
for appellant.

*Elwood Hutcheson,* for respondent.

HAMILTON, J.—Appellant, Marketing Unlimited, Inc., sued respondent, Jefferson Chemical Company, for damages based upon negligent misrepresentation. Respondent was personally served in Texas under Washington's "long-arm" statute, RCW 4.28.185. At trial, which was held in Yakima County, Washington, respondent prevailed on the merits and accordingly requested an award of attorney fees pursuant to RCW 4.28.185(5). The trial court granted the request awarding $7,120 as reasonable attorney fees. This amount represented respondent's entire defense expenditure.

Appellant sought review of the trial court's order awarding attorney fees in the Court of Appeals, Division Three. After a settlement conference, the case was certified to this court and accepted for review.

We affirm the trial court's order.

The sole issue on appeal is the propriety of the award of attorney fees. Appellant contends the trial court erred in awarding *actual* attorney fees rather than partial fees. It argues recovery of attorney fees under RCW 4.28.185(5) should be limited to the increased amount of fees which results from having trial in this state rather than the state of defendant's residence.

Finding of fact No. 3 affords the basis from which appellant's contention springs. It reads:

> That defendant's attorney fees in the amount of $7,120.00 are reasonable for the services rendered in defending this case and that ten to fifteen percent of said fees were required as a result of this action being tried in Washington rather than in Texas. That the balance of said fee would have been incurred had this matter been tried in Texas.

The long-arm statute provides, in pertinent part:

> (5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of

defending the action a *reasonable* amount to be fixed by the court as attorneys' fees.

(Italics ours.) RCW 4.28.185(5).

■ Reasonableness is the only statutory limitation on attorney fees awarded pursuant to RCW 4.28.185(5). This contrasts with specific monetary limitations which have been included in the statutes of other states. *See* 2 L. Orland, Wash. Prac. § 16(3) (1972).

In *State v. O'Connell,* 83 Wn.2d 797, 844, 523 P.2d 872, 77 A.L.R.3d 874 (1974) (*O'Connell* I), we expressly held that awards pursuant to RCW 4.28.185(5) are *discretionary.* We have also recognized that subsection (5) was placed in the long–arm statute by the legislature with the intention of bringing the statute within traditional notions of fair play and substantial justice as referred to in *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). *State v. O'Connell,* 84 Wn.2d 602, 605, 528 P.2d 988 (1974) (*O'Connell* II). Therefore, when addressing a request for attorney fees which is made by a prevailing defendant personally served outside the state, a trial court must apply the standard we set forth in *O'Connell* II, *supra* at 606. That standard requires the court, in exercising its discretion, to ask:

> Is the action frivolous and brought only to harass the defendant? If that question is answered in the negative, the test should then be: Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state, and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

*O'Connell* II, *supra* at 606.

■ If a trial court applies the above standard and orders attorney fees, this court will not set aside its ruling in the absence of a *clear* showing of abuse of discretion, that is,

discretion manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *O'Connell* I, *supra* at 844; *See State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

In this case the trial court's memorandum opinion, in pertinent part, states:

> The undersigned, in applying the test set out in *State v. O'Connell,* 84 Wn.2d 602 at 606, finds that the above-entitled case was not brought frivolously or with any intent to harass the defendant. The question then becomes, has the defendant, in being forced to defend the action in this state, been subjected to burdens of inconvenience that would have been avoided had the trial been conducted in the place of defendant's domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?
>
> . . .
>
> This court believes that under the test in *State v. O'Connell, supra,* it must be said that there was a detriment to the defendant in having the case tried in the State of Washington rather than the State of Texas; that the expense was greater than it would have been had the case been tried in Texas. This court believes that under the authorities it should exercise its discretion and award the attorney fee as requested. It is understood that the amount was not being contested as it was not at the time of oral argument.

As we have noted, RCW 4.28.185(5) expressly permits the court in its discretion to award a *reasonable* attorney fee. The award may be any amount, up to defendant's actual expenditure, which is necessary to satisfy traditional notions of fair play and substantial justice. Since the court in this case exercised its discretion, applied the appropriate test, and specifically found that notions of fair play and substantial justice required awarding $7,120, an abuse of discretion is not indicated.

■ In order to set aside the court's award, appellant was required to make a clear showing of abuse of discretion. Its contention that the trial court erroneously believed actual attorney fees were mandated in this case and under the long–arm statute is simply not supported by the law or the record. Rather, the record adequately reflects respondent was in fact subjected to inconvenience in defending this lawsuit in Yakima County. For example, extensive correspondence preceded the trial of this matter. In addition, two witnesses traveled from Houston, Texas, bearing, in addition to their prospective testimony, documentary evidence, and two additional witnesses were required to come from the Los Angeles area to Yakima for trial. Obviously, pretrial access to these witnesses by respondent's counsel was hampered.

In light of the court's memorandum opinion, the findings of fact, and the record, we cannot say the award of $7,120—which was respondent's expense for legal representation—constitutes an abuse of discretion.

Respondent has requested an additional award of attorney fees on appeal. Such awards are permissible under RCW 4.28.185(5). *See O'Connell* II, *supra* at 605. Respondent's request for $750 in attorney fees on appeal is reasonable; however, no affidavit detailing the expenses incurred as required by RAP 18.1(c) has been filed. Respondent's request is granted on the condition that it file a supporting affidavit.

The award of attorney fees by the trial court is affirmed. Respondent will have 15 days from the filing of this opinion to supply an affidavit supporting the claim for attorney fees on appeal.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.