[No. 7768–6–I.   Division One.   July 14, 1980.]

HAROLD SOLLENBERGER, ET AL, *Respondents,* v. BETTI CRANWELL, ET AL, *Appellants.*

784

*William H. Goucher* and *Merges, Youngberg, Goucher, Allen & Larson,* for appellants.

*Joel Bradshaw* and *Newman & Bradshaw,* for respondents.

RINGOLD, J.—The owner of an apartment house in Seattle, Betti Cranwell, appeals from a judgment of $700 plus $700 in attorney's fees for unlawfully withholding personal property owned by former tenants, Harold and Irene Sollenberger. RCW 59.18.230(4).

The Sollenbergers were resident managers of the apartment house when Cranwell purchased it on April 1, 1977. By written notice dated May 27, 1977, the new owner terminated the Sollenbergers' managership effective that day. In the same notice she advised them to vacate their apartment within 1 month. Four days later, however, she served notice on the Sollenbergers terminating their tenancy and requiring them to vacate the apartment by June 3, 1977.

The Sollenbergers complied with the notice to vacate by June 3 and requested access to a storage room where some of their personal property was located. Cranwell refused to allow access until they could prove their ownership. The prior owner of the apartment house orally verified that the property in the storage room belonged to the Sollenbergers. Cranwell, nonetheless, did not return the property to the Sollenbergers. On June 9, 1977, an attorney for the Sollenbergers gave Cranwell a written demand for the immediate return of the property.

After Cranwell repeatedly refused to return the property, the Sollenbergers filed a complaint for wrongful distress and attorney's fees. The trial court dismissed the matter without prejudice due to improper service on Cranwell. After the complaint was refiled, Cranwell filed an answer through her attorney and the matter proceeded to trial. The trial court entered judgment for the Sollenbergers.

Cranwell did not appear at the trial but was represented by counsel. The reasons for her failure to appear were not discussed. Thirteen days after judgment she filed an affidavit in support of a motion to reopen the case. In her affidavit she stated that she had discharged her attorney after the dismissal of the first complaint and had not authorized him to appear on her behalf. She also stated that her attorney's letter notifying her of the trial was sent to an incorrect address and was not received prior to trial. On the merits, her affidavit stated that she had never denied the Sollenbergers' right to take whatever furniture they could demonstrate was owned by them. She also alleged she would have settled the matter if she had been notified of the trial date. The trial court denied the motion to reopen.

## DENIAL OF MOTION TO REOPEN

Cranwell first challenges the trial court's denial of her motion to reopen the case. The motion was properly considered as a motion to vacate judgment pursuant to CR 60(b). *Cf.* CR 59 (motion for new trial) and CR 60(b) and (e) (motion to vacate).

Cranwell is represented on appeal by her original trial counsel and has abandoned her claim of unauthorized representation. She contends there was a good faith misunderstanding with trial counsel that caused her to be unaware of the trial date. Her affidavit and argument demonstrate, at most, excusable neglect. *See Baez v. S.S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975), *cert. denied,* 425 U.S. 904, 47 L. Ed. 2d 754, 96 S. Ct. 1495 (1976); CR 60(b)(1). To prevail on these grounds, the affidavit must contain a statement of fact constituting a defense or the

record must elsewhere reflect a prima facie defense. *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 599 P.2d 1289 (1979). The two defenses mentioned in RCW 59.18.230(4) are consent and abandonment, but she does not allege facts tending to show these defenses. Her affidavit merely repeats the claims made at trial. She alleges a willingness to allow the Sollenbergers to remove any furniture which they can prove belongs to them. It was undisputed at trial that she received such proof but repeatedly refused to give them access to their property. She also does not dispute this evidence in her post–trial affidavit. Cranwell's only other allegation is that she would have settled the matter had she been given notice of the trial. Neither of these allegations states a defense, and no prima facie defense appears elsewhere in the record. The motion to reopen the case was properly denied.

## STATUTORY CAUSE OF ACTION

◼◼ Cranwell next assigns error to the trial court's recognition of a cause of action under RCW 59.18.230(4),[1] which reads:

The common law right of the landlord of distress for rent is hereby abolished for property covered by this chapter. Any provision in a rental agreement creating a lien upon the personal property of the tenant or authorizing a distress for rent is null and void and of no force and effect. *Any landlord who takes or detains the personal property of a tenant without the specific consent of the tenant to such incident of taking or detention, unless the property has been abandoned as described in RCW 59.18.310, and who, after written demand by the tenant for the return of his personal property, refuses or neglects to return the same promptly shall be liable to the tenant for the value of the property retained, and the prevailing party may recover his costs of suit and a reasonable attorney's fee.*

---

[1]RCW 59.18.040(8) bars the application of RCW 59.18 to "an employee of a landlord whose right to occupy is conditioned upon employment in or about the premises." This statute was not pleaded and Cranwell never sought to prove such facts as would exclude the operation of RCW 59.18.230(4).

In any action, including actions pursuant to chapters 7.64 or 12.28 RCW, brought by a tenant or other person to recover possession of his personal property taken or detained by a landlord in violation of this section, the court, upon motion and after notice to the opposing parties, may waive or reduce any bond requirements where it appears to be to the satisfaction of the court that the moving party is proceeding in good faith and has, prima facie, a meritorious claim for immediate delivery or redelivery of said property.

(Italics ours.) Cranwell contends that the statute applies only if a landlord withholds a tenant's property for nonpayment of rent. We disagree. The clear language of the statute creates a cause of action for the taking or detention of a tenant's personal property. It does not limit the availability of the remedy to those circumstances in which the landlord exercises the abolished right of distress for rent. Cranwell, however, relies on the heading of RCW 59.18.230 to support her argument that such a limit exists. The heading reads:

Waiver of chapter provisions prohibited—Provisions prohibited from rental agreement—Distress for rent abolished—Detention of personal property for rent—Remedies.

Cranwell's argument overlooks the fact that this heading was not adopted by the legislature. Laws of 1973, 1st Ex. Sess., ch. 207, § 23. It, therefore, is not part of the law. *State v. Lundell,* 7 Wn. App. 779, 503 P.2d 774 (1972). The statute is applicable and allows the recovery of the value of withheld property and a reasonable attorney's fee.

## DAMAGES

Cranwell next assigns error to the trial court's calculation of damages. RCW 59.18.230(4) allows recovery for the "value" of the property retained. The legislature, by creating this cause of action and preserving an action for replevin, intended to give the tenant the option of recovering the property or treating it as lost or destroyed and suing for the value thereof. The Sollenbergers chose to treat their property as lost or destroyed when they maintained

their action under RCW 59.18.230. The usual measure of the value of lost or destroyed property is its market value. If there is no market value, the measure is the cost of replacement, but if it cannot be replaced, the measure is the value to the owner at the time of the loss. *Mieske v. Bartell Drug Co.*, 92 Wn.2d 40, 593 P.2d 1308 (1979); *McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 413 P.2d 617 (1966).

Harold Sollenberger testified that in today's market the replacement cost of the property detained by Cranwell was $700. On cross–examination, Sollenberger testified that the property was purchased for approximately $465.

Cranwell argues that the initial purchase price should be the measure of the property's value. Such evidence, however, is not a measure of value by itself. It is one factor to consider when utilizing the value to the owner test. *Herberg v. Swartz*, 89 Wn.2d 916, 578 P.2d 17 (1978); *Kimball v. Betts*, 99 Wash. 348, 169 P. 849 (1918).

Cranwell also contends that the $700 replacement cost is not a correct measure of value. We reject this argument because the record before us reflects no such contention below. There was no objection to the admission of replacement cost testimony. Cranwell's counsel never argued that such evidence was an improper measure of damages. His only argument was at a post–trial motion when he made an erroneous factual assertion that initial purchase price was the only evidence of the property's value admitted at trial. We will not consider a challenge to the measure of damages that is raised for the first time on appeal. *Lake Air, Inc. v. Duffy*, 42 Wn.2d 478, 256 P.2d 301 (1953).

The Sollenbergers' request for attorney's fees on appeal is denied due to noncompliance with RAP 18.1(c).

The judgment of the trial court is affirmed.

ANDERSEN and DURHAM–DIVELBISS, JJ., concur.