[No. 4588–9–III.   Division Three.   January 27, 1983.]

LINDSAY CREDIT CORPORATION, *Respondent,* v. ROBERT E. SKARPERUD, ET AL, *Appellants.*

*Malcolm L. Edwards, Catherine Wright Smith,* and *Edwards & Barbieri,* for appellants.

*Bruce Robertson* and *Garvey, Schubert, Adams & Barer,* for respondent.

MUNSON, A.C.J.—Robert and Barbara Skarperud appeal an order and a CR 54(b) certification in favor of Lindsay Credit Corporation on its action of default and foreclosure on a promissory note executed by the Skarperuds. We affirm.

In December of 1978, the Skarperuds contracted to purchase from Odessa Pump & Irrigation, Inc., irrigation equipment made by Lindsay Manufacturing Company

(incorrectly referred to in the third party complaint as Lindsay Irrigation Co.). Odessa Pump is a dealer selling Lindsay Manufacturing products. Northwest Irrigation Development Company was contracted to install the equipment. In early 1979, the Skarperuds applied to Lindsay Credit for a short–term loan to finance the purchase of the equipment. The loan and security agreement provided for payment in full of the principal and interest on or prior to September 1, 1979, but gave the Skarperuds an option to obtain long–term financing in two different ways with terms specified in the agreement. The agreement further provided the Skarperuds could exercise a long–term financing option by giving notice to Lindsay Credit on or before July 15, 1979.

Pursuant to the agreement, Lindsay Credit disbursed $199,115.83 on behalf of the Skarperuds' purchase. On August 30, 1979, the Skarperuds gave notice to Lindsay Credit of their election to enter into a long–term conditional sales contract. Based on this request, Lindsay Credit prepared the necessary documents and delivered them to the Skarperuds. These documents provided for quarterly rather than annual repayments. The Skarperuds refused to enter into a long–term conditional sales contract. On January 24, 1980, Lindsay Credit declared default and executed its right of acceleration on the note. On March 6, 1980, the Skarperuds paid $24,785.35, representing interest due through February 12, 1980. However, Lindsay Credit continued to negotiate with the Skarperuds in an attempt to avoid litigation, even allowing them an additional 5 months to obtain alternate financing. In the meantime, the Skarperuds brought suit against Odessa Pump for negligent installation of the equipment.

In June of 1980, Lindsay Credit commenced the default and foreclosure action against the Skarperuds. The Skarperuds answered, alleging third party claims against "Lindsay Irrigation Co." (Lindsay Manufacturing) and Odessa Pump. Both Lindsay Credit and Lindsay Manufacturing moved for summary judgment. The Skarperuds did not contest

this motion and it was granted. On May 26, 1981, the Skarperuds filed a notice of appeal. On June 19, 1981, Lindsay Credit filed a CR 54(b) motion which was granted on June 24, 1981. On appeal, the Skarperuds are represented by different counsel than at the trial level.

■ The Skarperuds contend that since Lindsay Credit has failed to comply with RCW 23A.44.120,[1] it does not have the requisite capacity to bring this action. We disagree. RCW 23A.36.010[2] gives a foreign corporation authority to enforce notes secured by real estate mortgages. Here, the Skarperuds executed a deed and purchaser's assignment of real estate contract conveying real property situated in Washington to Lindsay Credit for security purposes, which we deem qualifies under the statute. Also, the Skarperuds failed to make a "specific negative averment" of a lack of capacity as required by CR 9(a).[3]

Next, the Skarperuds contend an issue of fact exists as to whether Lindsay Credit is so dominated and controlled by Lindsay Manufacturing they should be considered one entity. This argument fails for three reasons. First, CR

---

[1]RCW 23A.44.120 provides:

"No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state, without alleging and proving that it has paid or contracted to pay as herein provided all fees and penalties due the state of Washington under existing law or this title."

[2]RCW 23A.36.010 provides:

"Any corporation . . . organized and existing . . . under the laws of any state . . . other than the state of Washington . . . and which are not admitted to conduct business . . . and . . . not . . . authorized to transact business in this state . . . may . . . enforce notes secured by real estate mortgages covering real property situated in this state . . ."

[3]CR 9(a) provides:

"It is not necessary to aver the capacity of a party to sue or be sued or the authority of the party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*See also Brame v. St. Regis Paper Co.,* 97 Wn.2d 748, 752, 649 P.2d 836 (1982).

■ Here, the Skarperuds in their answer and third party complaint state:

> The third party defendant Irrigation is responsible for the wrongful acts of its agent, and the plaintiff herein is merely the credit and finance company of the third party defendant of substantially the same name.

However, Lindsay Manufacturing's motion for summary judgment was supported by an affidavit of its executive vice–president which stated:

> Lindsay Credit Corporation, the plaintiff in this suit, is totally separate from Lindsay Manufacturing Co. The two corporations have separate business locations and separate management, and the operations of the two corporations are conducted independently. Lindsay Manufacturing Co. does not own Lindsay Credit; rather, both corporations are wholly owned subsidiaries of DeKalb Agresearch, Inc., a Delaware corporation.

The Skarperuds failed to respond to or contravene this affidavit.[4]

■ Second, we disagree with the Skarperuds' contention an issue of fact exists because this allegation is not supported by the record. The doctrine of corporate disregard has two prerequisites: (1) The corporate form must be intentionally used to violate or evade a duty; and (2) disre-

---

[4]In their brief the Skarperuds indicate some of the same people acted as directors on the boards of both corporations. This representation was not before the trial court. Our records do indicate the same counsel represents both corporations in this case and the third party case.

gard must be necessary and required to prevent an unjust loss to the injured party. *Meisel v. M & N Modern Hydraulic Press Co.,* 97 Wn.2d 403, 410, 645 P.2d 689 (1982); *Morgan v. Burks,* 93 Wn.2d 580, 585, 587, 611 P.2d 751 (1980); *see also* Harris, *Washington's Doctrine of Corporate Disregard,* 56 Wash. L. Rev. 253, 258 (1981).

Even in *J.I. Case Credit Corp. v. Stark,* 64 Wn.2d 470, 392 P.2d 215 (1964), cited by the Skarperuds, where the facts indicate (a) one corporation was a wholly owned subsidiary of the other; (b) the secretary–treasurer of one was president of the other; (c) all employees of the subsidiary were paid by the parent corporation; (d) both companies had the same address, credit managers, lawyers, nonresident agents and auditors; and (e) the subsidiary was in business only to handle retail financing of the parent corporation, the court held these facts were insufficient in themselves to enable a court to disregard the corporate entity and declare the two corporations to be identical in responsibility. *J.I. Case Credit Corp. v. Stark, supra* at 475. The court went on to state:

> [T]here must be such a commingling of property rights or interests as to render it apparent that they are intended to function as one, and, further, to regard them as separate would aid the consummation of a fraud or wrong upon others.

*J.I. Case Credit Corp. v. Stark, supra* at 475. Here the Skarperuds made a mere allegation, which is nebulous at best, of a connection between Lindsay Manufacturing and Lindsay Credit. They failed to present any affidavits or other documents indicating to the trial court the doctrine of corporate disregard should be applied.

Third, *J.I. Case Credit Corp. v. Stark, supra,* is factually distinguishable from this case. There the note and mortgage were initially with the Case Manufacturing Company and later purchased by Case Credit; here Lindsay Credit initially received the note and mortgage in its own name. Also, the court in *J.I. Case Credit Corp. v. Stark, supra* at 478, found the J. I. Case Company had breached warranties

owed to the purchaser. Here, Lindsay Credit initiated this lawsuit and the Skarperuds in their answer have not alleged a breach of warranty by Lindsay Manufacturing. We find no basis to assert the doctrine of corporate disregard.

The Skarperuds next contend the trial court improperly entered the CR 54(b) certification of finality. Relying on *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939 (2d Cir. 1968); *Doerflinger v. New York Life Ins. Co.,* 88 Wn.2d 878, 567 P.2d 230 (1977); and *Snyder v. State,* 19 Wn. App. 631, 577 P.2d 160 (1978), they argue CR 54(b) certification was inappropriate as "just reasons for delay" existed because the certification here created rather than alleviated hardship and encouraged piecemeal appeals.

■■ While the court has discretion in making a CR 54(b) determination, the appellate court has authority to review the determination for abuse of discretion. *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 10, 64 L. Ed. 2d 1, 100 S. Ct. 1460 (1980); *Schiffman v. Hanson Excavating Co.,* 82 Wn.2d 681, 687, 513 P.2d 29 (1973). The trial court's discretion should be exercised in the interest of sound judicial administration. *Curtiss–Wright Corp. v. General Elec. Co.,* 466 U.S. at 8. The factors the court should consider in determining whether there is just reason for delay include:

> (1) [T]he relationship between the adjudicated and the unadjudicated claims, (2) whether questions which would be reviewed on appeal are still before the trial court for determination in the unadjudicated portion of the case, (3) whether it is likely that the need for review may be mooted by future developments in the trial court, (4) whether an immediate appeal will delay the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation of that trial, and (5) the practical effects of allowing an immediate appeal.

*Schiffman v. Hanson Excavating Co., supra* at 687, discussing 10 C. Wright & A. Miller, *Federal Practice* § 2659

(1973). Applying these factors to this case, there was no just reason for delay and the trial court did not abuse its discretion. However, even if CR 54(b) certification was not appropriate here, the Skarperuds failed to challenge the propriety of Lindsay Credit's CR 54(b) motion in the trial court. Therefore, it will not be considered on appeal. RAP 2.5(a); *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 369, 617 P.2d 704 (1980). Nor do we care to discuss sua sponte whether the third party action need have been held in abeyance pending this appeal.

■ Finally, the Skarperuds contend there was insufficient evidence to justify the amount of attorney fees awarded Lindsay Credit. The promissory note and attendant documents provide for attorney fees. The trial court granted Lindsay Credit attorney fees when it entered its order. RAP 18.1(b) requires a party to devote a section of its brief to the request for attorney fees. RAP 18.1(c) requires an affidavit "detailing the expenses incurred and the services performed by counsel" be submitted 7 days prior to oral argument. The purposes served by RAP 18.1(c) are to: (1) give opposing counsel an opportunity to examine the work done and charges incurred, and (2) allow the court to inquire during oral argument on those expenses itemized. When the court does not receive the affidavit until after oral argument, satisfactory inquiry cannot be made. On the day of oral argument, Lindsay Credit filed an affidavit for attorney fees in the amount of $13,479, but failed to itemize or include a statement of hours. The court allowed supplemental briefs regarding attorney fees. Lindsay Credit's brief failed to give a detailed list of expenditures. Its request for over $13,000 in attorney fees should be amended to substantiate with specificity the hours and rates charged.

The order granting Lindsay Credit's motion for summary judgment is affirmed. The matter is remanded to the trial

court for determination of the amount of attorney fees justified on appeal.

GREEN and McINTURFF, JJ., concur.