[No. 4664-8-III.   Division Three.   April 7, 1983.]

ROSS MELLOR, *Respondent,* v. ROBERT D. CHAMBERLIN, ET AL, *Appellants.*

*Steve Palmer, Andrew Bohrnsen, John G. Schultz,* and *Leavy, Schultz & Sweeney,* for appellants.

*D. Wayne Campbell* and *Campbell, Johnston & Roach,* for respondent.

McINTURFF, J.—Mr. and Mrs. Robert Chamberlin appeal from a judgment ordering them to pay damages for breach of the covenant for quiet enjoyment contained in a warranty deed. The issues concern whether the trial court erred when it refused to dismiss the action on a res judicata theory and whether attorney's fees should be awarded on

appeal.

In 1968, Ross Mellor purchased certain real property with improvements from Mr. and Mrs. Chamberlin. The purchase was by real estate contract, and a warranty deed was held in escrow pending payment of the contract in full. The deed was in statutory form and warranted the quiet and peaceful possession of the premises. RCW 64.04.030.[1]

In May 1974, Mary Buckman, owner of the property to the north of the acquisition, contacted Mr. Mellor by letter. Her survey showed (1) she owned the parking lot which his tenants were using, and (2) one of his buildings also encroached upon her property. She further stated:

> I would like to get with you to settle the above infringement and that you pay rent for use of the rear driveway and parking area. If no arrangement can be arrived at or made, I will have to erect a barricade across the driveway.
>
> The free use of the land and the driveway has gone on for quite some time. Now that the survey has established the boundary line, I will exercise my rights.

After Mrs. Buckman wired off the parking lot to prevent its further use, Mr. Mellor agreed to lease the lot from her.

Upon receipt of Mrs. Buckman's letter, Mr. Mellor contacted Mr. Chamberlin and advised him of both of the claims. After entering into the lease with Mrs. Buckman, he filed the initial action in superior court against the Chamberlins, alleging misrepresentation as to the ownership of the parking lot. This lawsuit was settled in 1976 and an order of dismissal with prejudice was entered.

In September 1977, Mrs. Buckman again contacted Mr. Mellor, stating she would like to do something about settling the encroachment "ASAP". On May 19, 1978, she made a written offer to sell Mr. Mellor the portion of the

---

[1] RCW 64.04.030 states in part: "Every deed in substance in the above [statutory warranty deed] form, when otherwise duly executed, shall be deemed and held a conveyance in fee simple to the grantee . . . with covenants on the part of the grantor: . . . (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same . . ."

land on which the building encroached for $5,000. Following a survey which confirmed the encroachment, Mr. Mellor attempted to negotiate a settlement for a lesser amount. Mrs. Buckman stood firm, and he eventually offered the amount suggested. In January 1979, he brought this lawsuit against the Chamberlins alleging breach of the covenant for quiet enjoyment.

The Chamberlins moved for summary judgment, arguing that the second lawsuit was barred by the dismissal with prejudice of the complaint in the earlier action. The trial court denied the motion. The case proceeded to trial, where a judgment for damages was entered for Mr. Mellor.

An excellent description of the doctrine of res judicata is contained in *Meder v. CCME Corp.,* 7 Wn. App. 801, 805, 502 P.2d 1252 (1972). For a prior judgment to bar a subsequent action, there must be concurrence of identity in four areas: (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. *Meder,* at 805. The bar applies not only to points upon which the court was actually required to pass judgment, but also ""to every point which properly belonged to the subject of litigation, and which . . . [by] exercising reasonable diligence, might have brought forward . . ."" *Meder,* at 804 (quoting from *Sayward v. Thayer,* 9 Wash. 22, 36 P. 966, 38 P. 137 (1894)). In determining whether identity of a cause of action exists, "a proper test is to consider whether the same evidence would sustain both." *Meder,* at 806.

Here, the Chamberlins contend the legal issues in both actions depended upon one factual determination—the location of the northern boundary of the property. Since, in their view, the same evidence sustains both causes of action, *Meder v. CCME Corp.,* they argue that identity exists and res judicata applies.

We do not share the Chamberlins' point of view. The description of the property found in the warranty deed did not include a description of the parking lot in question. Since the deed did not cover the parking lot, the covenants

contained in the deed did not protect against claims relative to the lot. *See Scott v. Woolard,* 12 Wn. App. 109, 111, 529 P.2d 30 (1974). Instead, the proof necessary to support the first action was whether the Chamberlins represented the parking lot was part of the sale and whether Mr. Mellor reasonably relied on that representation. Accordingly, the dismissal of that action could not bar the second action, where the issue was whether Mrs. Buckman's claim of encroachment interfered with Mr. Mellor's peaceable possession of the property covered in the warranty deed.

■ Moreover, Professor Orland states in 2 Wash. Prac., *Trial Practice* § 361, at 402 (3d ed. 1972):

> The Washington court has seemed to depart from strict adherence to [res judicata] principles in the case of covenants for title. It has been held that, where, on a first suit for breach of covenant, only nominal damages may be obtained, the injured party may maintain a later action for damages when a substantial breach has occurred.

Professor Orland relies upon *Harsin v. Oman,* 68 Wash. 281, 123 P. 1 (1912), where the plaintiff had brought a previous action for breach of a covenant against encumbrances and recovered only nominal damages. Subsequent to the first action, the plaintiff discharged the encumbrance and brought a second action to recover from his grantor the amount he had paid. The defendant grantor contended that the action was barred by the prior judgment. The court found no bar, stating:

> While it is admitted, there can be but one recovery upon the same cause of action. This does not mean the subject–matter of a cause of action can be litigated but once. It may be litigated as often as an independent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist.

*Harsin,* at 283.

The significant fact in *Harsin* was that actual damages did not occur until after the first lawsuit was completed. Here, Mr. Mellor did not suffer damages as a result of the

building's encroachment until after the first action was dismissed. Although he knew of Mrs. Buckman's claim, he was under no obligation to insist she enforce it at the time they came to an agreement on the parking lot. The record reflects he acted in good faith, with no intent to delay final resolution of the matters.

In applying res judicata in an action for breach of the covenant for quiet enjoyment, the court must consider how the plaintiff's case has been affected by the way the third party has chosen to enforce his claim. As noted by the trial court: "Until there was a resolution of the claim between Mellor and Buckman, the claim was not susceptible to a damage award." We agree with the trial court and conclude that no bar occurred here.

■ The Chamberlins make several additional assignments of error, but they offer no argument or citation of authority to support them. The court will ordinarily not consider such assignments unless it is apparent, without further research, they are well taken. *State v. Fortun*, 94 Wn.2d 754, 756, 626 P.2d 504 (1980). The additional assignments are not considered for these reasons.

■ In his brief, Mr. Mellor asks for attorney's fees on appeal based upon RCW 64.04.030. The pertinent portion of that statute reads: "the grantor: . . . (3) . . . will defend the title thereto against all persons who may lawfully claim the same, . . ." In *Foley v. Smith*, 14 Wn. App. 285, 296, 539 P.2d 874 (1975), the court held that attorney's fees expended by covenantees in good faith to defend their title are recoverable as damages under the statute. We find the statute also evidences a legislative intent to include attorney's fees as damages when an action for breach is brought in good faith by the covenantee against the covenantor. To hold otherwise leaves the statute without its full force in those situations where the only reasonable course open to the covenantee is to settle with the third person claimant.

Here, the attorney's fees were incurred as a result of bringing an action against the covenantors (Chamberlins) for breach of covenant. Since the covenantee (Mr. Mellor)

prevailed in the action, he has proven the covenantors' duty to defend under the warranty deed as surely as if he had entered into litigation with the person whose claim interfered with his quiet enjoyment and lost. The trial court specifically concluded: "The $5,000.00 which plaintiff paid to Mary Buckman to cure the encroachment . . . was reasonable and the approach taken to solve the problem was reasonable." Thus, the covenantors were in no way damaged by not having had an opportunity to defend against the encroachment claim. *Cf. Nelson v. Sponberg,* 51 Wn.2d 371, 376, 318 P.2d 951 (1957) (indemnitee who makes a payment in discharge of a claim is not bound to submit to suit before paying the claim but, as a condition to recovery for his indemnitor, he must prove he was liable for the amount paid). For these reasons, we hold Mr. Mellor is entitled to attorney's fees on appeal under RCW 64.04.030.

However, Mr. Mellor has not filed an affidavit supporting his request for attorney's fees. RAP 18.1 provides in part:

**(a) Generally.** If applicable law grants to a party the right to recover reasonable attorney's fees or expenses on review, the party *should* request the fees or expenses as provided in this rule.

**(b) Argument in Brief.** The party *should* devote a section of the brief to the request for the fee or expenses. The request should not be made in the cost bill.

**(c) Affidavit.** Seven days prior to oral argument, the party *should* serve and file an affidavit in the appellate court detailing the expenses incurred and the services performed by counsel.

**(d) Oral Argument.** A party *should* include in oral argument a request for the fee or expenses and a reference to the affidavit on file.

(Italics ours.) Aside from advising the court of the exact amount of fees desired, the affidavit also apprises the opposing party of the size and basis of the demand in time for him to respond before or during oral argument. *See Simonson v. Fendell,* 34 Wn. App. 324, 662 P.2d 54 (1983).

It must also be noted that in sections (a), (b), (c) and (d)

of RAP 18.1, the word "should" is used to denote the obligation to perform. Under RAP 1.2(b), the court will ordinarily impose sanctions if the act is not done within the time or in the manner specified. Sanctions for noncompliance with RAP 18.1(c) have been varied. In some cases, the court has denied attorney's fees for failure to file an affidavit. *See Topline Equip., Inc. v. Stan Witty Land, Inc.*, 31 Wn. App. 86, 97, 639 P.2d 825 (1982); *Sollenberger v. Cranwell*, 26 Wn. App. 783, 788, 614 P.2d 234 (1980). But the Supreme Court in *Marketing Unlimited, Inc. v. Jefferson Chem. Co.*, 90 Wn.2d 410, 414, 583 P.2d 630 (1978) granted the request for attorney's fees on the condition the respondent supply a supporting affidavit within 15 days of the filing of the opinion. *See Lindsay Credit Corp. v. Skarperud*, 33 Wn. App. 766, 773, 657 P.2d 804 (1983).

The primary consequence of denying attorney's fees because an attorney does not comply with RAP 18.1 is to place the monetary loss upon the client, not the attorney. The client must pay the attorney's fees instead of those fees being rightfully paid by the opposing party. Obviously, this is not the intent of RAP 18.1. Therefore, we grant Mr. Mellor's request for attorney's fees on the condition he supply a supporting affidavit within 15 days of the filing of this opinion. *Marketing Unlimited, Inc. v. Jefferson Chem. Co., supra.* As a sanction for noncompliance with RAP 18.1(c), counsel for Mr. Mellor shall pay to the clerk of this court $250 from his account. RAP 1.2(b). Counsel for the Chamberlins shall have 15 days after submission of that affidavit to respond to its contents.

The judgment of the Superior Court is affirmed.

GREEN, J., concurs.

ROE, C.J. (dissenting in part)—I dissent from that portion of the majority's opinion which would award attorney's fees to Mr. Mellor. Attorney's fees may be recovered only when authorized by a private agreement of the parties, a statute or a recognized ground of equity. *Pennsylvania Life*

*Ins. Co. v. Department of Empl. Sec.,* 97 Wn.2d 412, 413, 645 P.2d 693 (1982). The majority states RCW 64.04.030 "evidences a legislative intent to include attorney's fees as damages when an action for breach is brought in good faith by the covenantee against the covenantor." No authority is cited for that assumption. The pertinent portion of the statute reads:

> Every deed in substance in the above form, when otherwise duly executed, shall be deemed and held a conveyance in fee simple to the grantee, his heirs and assigns, with covenants on the part of *the grantor:* . . . (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, *and will defend the title thereto against all persons who may lawfully claim the same,* and such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at full length in such deed.

(Italics mine.) *Foley v. Smith,* 14 Wn. App. 285, 296, 539 P.2d 874 (1975) held that this statute allows grantees to recover attorney's fees expended in good faith to defend their title in an action in which the grantor was joined and defended, albeit unsuccessfully. Here, the grantor was not tendered the defense or asked to defend a lawsuit. The grantee settled with the third person and then sought recovery of the settlement sum, plus his own attorney's fees. Under the statute, the grantor should have been given an opportunity to settle or to defend. A parallel situation arises in other such cases, but the covenantor must be given the opportunity to defend before attorney's fees are collectable. Here, the majority properly approves the award of the damages suffered by the covenantee in a dispute with a third person. This then becomes an obligation owed by the covenantor and is subject to the same rules as any other collectable claim as to attorney's fees.

In similar cases, other jurisdictions have held that attorney's fees are not recoverable. *See Forrer v. Sather,* 595 P.2d 1306 (Utah 1979); and *Skipper v. McMillan,* 349 So. 2d 808 (Fla. Dist. Ct. App. 1977).

Additionally, it should be noted Mellor did not comply with RAP 18.1(c), which requires the party requesting attorney's fees to file an affidavit. Ordinarily, the court will impose sanctions where there has been noncompliance. RAP 1.2(b).

Accordingly, I would deny the award of attorney's fees.

Reconsideration denied May 17, 1983.

Review granted by Supreme Court July 19, 1983.